*J. W. Hammond*, for the defendant.
*C. T. Russell & W. E. Russell*, for the plaintiff.

---

CHARLOTTE E. BAKER *vs.* STILLMAN N. STONE & wife.

Middlesex. Nov. 21, 1883. — Jan. 5, 1884. C. ALLEN & HOLMES, JJ., absent.

A minor, who, knowing his minority and not disclosing it, borrows money from a person whom he knew believed him to be of full age, and gives a promissory note and a mortgage of land to secure it, is not estopped from avoiding the note and mortgage after coming of age; and continuing in possession of the land and refusing to pay the note are not sufficient to prove ratification.

W. ALLEN, J. This case comes before us upon a demurrer to a bill in equity, which seeks to establish against the female defendant a promissory note and a mortgage of real estate given by her when a minor, and disaffirmed by her after coming of age. It is argued in support of the bill that it avers fraudulent representations by the minor as to her age, and a ratification of the contracts by her, such as will estop her in equity from

avoiding them. We do not think that the allegations of the bill are sufficient to sustain either contention.

The only representations alleged are, that " said Sarah J. Stone claimed that she was lawfully seised in fee simple " of the land mortgaged, " and that it was free from all incumbrances, and that she had full right to convey " the same; that " said Sarah J. Stone, when she borrowed and received said money, held herself out, and said Stillman N. Stone held his said wife out, to be of full age and competent to convey; " and " charges that said Stillman N. Stone and said Sarah J. Stone conspired in the manner aforesaid to defraud the plaintiff of her said money." No verbal representation is alleged, and the only acts set forth are borrowing the money and giving the note and mortgage. The claim alleged to have been made, the holding forth, and the conspiracy, all refer to these acts, and are only such as are involved in or to be inferred from them. Taking the whole bill, the strongest statement of false representation that can be gathered from it is, that a minor, knowing her minority and not disclosing it, borrowed money from a person who she knew believed her to be of full age, and gave a note and a mortgage of land to secure it. We think these facts would not estop her from avoiding the mortgage and the note. They do not present the question whether a minor, who has induced a person to accept a conveyance of land by false and fraudulent representations that he is of full age, may be estopped to disaffirm the conveyance when of age. The bill does not aver a ratification of the contracts, nor any facts from which it can be inferred. Continuing in possession of the land and refusing to pay the note are not sufficient to prove ratification. See *Chandler* v. *Simmons*, 97 Mass. 508; *Walsh* v. *Young*, 110 Mass. 396; *Bartlett* v. *Drake*, 100 Mass. 174.

Another ground upon which it was argued that the bill might be maintained is, that the land was held by the minor under a conveyance from the other defendant fraudulent as to his creditors. But there is no allegation in the bill upon which such an argument can rest.                                    *Bill dismissed.*

*C. P. Judd*, for the plaintiff.

*R. E. Harmon*, for the defendants.