McIrvine v. Thompson.

---

McIRVINE, *Plaintiff in Error*, v. THOMPSON *et al.*

**Motion for New Trial**: EXCEPTIONS: PRACTICE IN SUPREME COURT. Where a party fails to except to the action of the court in overruling his motion for new trial, he will be held to have acquiesced therein, and the Supreme Court will not consider matters called to the attention of the trial court by such motion, but will affirm the judgment if it be supported by the pleadings.

*Error to DeKalb Circuit Court.*—HON. J. P. GRUBB, Judge.

AFFIRMED.

*Henry E. Glazier* and *Ramey & Brown* for plaintiff in error.

*Samuel G. Loring* for defendant in error.

MARTIN, C.—This was an action of ejectment in the usual form for a parcel of land in DeKalb county. Both parties claimed under a common source of title. The deed under which plaintiff claimed from the common grantor, had been recorded in Gentry county and not in DeKalb county, in which the land was situated. The deed, under which defendant claimed, was subsequent in time, but was duly recorded. The issue presented to the jury involved the question as to whether the claimants under the second deed received their title, for consideration, and without notice of the former conveyance so as to be innocent purchasers in good faith. The jury upon the evidence and instructions found a verdict for the defendants.

The plaintiff excepted to the action of the court in refusing an instruction asked by him. He also excepted to the action of the court in giving the instructions asked by defendants. He very properly called the attention of the court to those matters in his motion for a new trial. But he failed to except to the action of the court in overruling said motion, and refusing a new trial. He occupies the attitude of acquiescing in its action, and for this reason we cannot consider any supposed errors in that respect. *Wilson v. Haxby*, 76 Mo. 345.

The judgment for defendants, being supported by the pleadings, will have to be affirmed, and it is so ordered. All concur.