ANNA C. WIELAND *et al.*

*v.*

MARGARETHA KOBICK.

*Filed at Ottawa May 19, 1884.*

1. EJECTMENT—*proof of defendant's possession and claim of title—whether necessary.* In an action of ejectment, where the defendant pleads the general issue only, it is not necessary, under the statute, for the plaintiff to prove that the defendant was in possession of the premises, or claimed an interest or title therein.

2. INFANCY—*estoppel to disaffirm contract—fraudulent representations.* A person is not estopped from setting up infancy as a defence to a contract, by his fraudulent representation at the time the contract was made that he was of full age. So a statement in a deed of a minor that she is "unmarried, and of age," is not an estoppel to the disaffirmance of it when becoming of age. The doctrine of estoppel is inapplicable to infants.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. A. A. EXLINE, for the appellants:

The evidence is not sufficient to justify a recovery against all the defendants, there being none to connect the three other defendants with Anna C. Haas.

The court below held that plaintiff was not estopped in a court of law to deny her infancy, when in her deed she states the fact to be that she was of age. At the age of seventeen years and six months she knew that she was not of age.

It is said in *Mathews* v. *Cowan*, 59 Ill. 346, that an infant is responsible for his torts and frauds, and in *Davidson* v. *Young*, 38 Ill. 150, it is very clearly intimated that the court would hold the infant estopped from pleading infancy, where, by his representations that he was of age, he induced another to purchase from him. Such a holding is clearly sustained in *Kilgore* v. *Jordan*, 17 Texas, 341.

Mr. C. C. MARCH, and Messrs. RUBENS, McGAFFEY & AMES, for the appellee:

Defendants below having pleaded the general issue only, it was not necessary for plaintiff to prove that defendants were in possession of the premises, or claimed an interest or title therein. Rev. Stat. 1874, chap. 45, sec. 22.

A defendant is not estopped from setting up infancy as a defence to a contract, by his fraudulent representations that he was of full age. *Merriam* v. *Cunningham,* 11 Cush. 40; Tyler on Infancy and Coverture, sec. 54; *Brown* v. *McCune,* 5 Sandf. 228; *Lackman* v. *Wood,* 25 Cal. 147; *Cook* v. *Toombs,* 36 Miss. 685; *Studwell* v. *Shapter,* 54 N. Y. 249; *McCoon* v. *Smith,* 3 Hill, 147; *Curtin* v. *Patten,* 11 S. & R. 305; *Conroe* v. *Birdsall,* 1 Johns. 127; *Tucker* v. *Moreland,* 10 Pet. 58; *Conrad* v. *Lane,* 26 Minn. 389; *Burley* v. *Russell,* 10 N. H. 184.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was an action of ejectment, for the recovery of a certain lot of land in an addition to Chicago. There was recovery by the plaintiff, and the defendants appealed.

On the trial in the court below there was introduced in evidence, in defence, a deed from the plaintiff to Emily C. Cummings, in which it is recited that "Margaretha David, (the plaintiff,) unmarried, *and of age,*" for $3500 conveys and quitclaims to Emily C. Cummings the property in question, and a deed from Emily C. Cummings to Anna C. Haas, one of the defendants. The plaintiff then introduced evidence to prove that at the date of the deed to Emily C. Cummings the plaintiff was a minor, and under the age of eighteen years, and that after coming of age she filed her disaffirmance of the deed, and a demand for possession of the premises, in the recorder's office of Cook county.

It is objected that the evidence is not sufficient to justify a recovery against all of the defendants, as there is no evidence to connect the three other defendants with Anna C. Haas. Defendants having pleaded the general issue only, it was not necessary, under the statute, for plaintiff to prove that defendants were in possession of the premises, or claimed an interest or title therein. Rev. Stat. 1874, chap. 45, sec. 22.

The only other question which appellants make upon the record, is as to the effect of plaintiff's deed to Emily C. Cummings,—whether or not plaintiff was estopped from disaffirming such deed made while she was a minor, she having stated therein that she was of age. The authorities seem abundantly to establish that a defendant is not estopped from setting up infancy as a defence to a contract, by his fraudulent representations that he was of full age. *Merriam* v. *Cunningham,* 11 Cush. 40 ; *Studwell* v. *Shapter,* 54 N. Y. 249 ; *Gilson* v. *Spear,* 38 Vt. 311 ; *Burley* v. *Russell,* 10 N. H. 184 ; *Conrad* v. *Lane,* 26 Minn. 389 ; *Brown* v. *McCune,* 5 Sandf. 228. In the latter case the court said : "We are not aware that any case has gone the length of holding a party *estopped* by anything he has said or done while he was under age, and we think it would be repugnant to the principle upon which the law protects infants from civil liabilities in general." And further on : "We are clear that the doctrine of estoppel is inapplicable to infants."

The conclusion, we think, from the authorities, must follow, that the statement in the deed of plaintiff that she was of age is not an estoppel to the disaffirmance of it.

The judgment will be affirmed.

*Judgment affirmed.*