Rice v. Boyer.

No. 12,864.

RICE v. BOYER.

CONTRACT.—*Infant.*—*Voidable.*—The contract of an infant for the purchase of personal property not a necessary is voidable, not void.

SAME.—*Disaffirmance During Non-Age.*—An infant may repudiate a contract respecting personal property during non-age.

SAME.—*Disaffirmance Avoids Ab Initio.*—The disaffirmance of a voidable contract of an infant avoids it *ab initio,* and it ceases to be effective for any purpose.

SAME.—*False Representation of Age.*—*Fraud.*—*Action Ex Delicto Will Lie Against Infant.*—An action will lie against an infant, who has obtained property on the faith of a false and fraudulent representation that he is of full age, for the loss actually sustained by a party who dealt with him in good faith and in the exercise of reasonable diligence, where a recovery can be had without giving effect to the contract.

SAME.—*When Action May be Brought.*—In such a case, the action may be brought when the contract is repudiated, although the time for performance has not expired.

PLEADING.—*Complaint.*—*Demurrer.*—If a complaint states facts entitling the plaintiff to relief, it will repel a demurrer, although it may not entitle him to all the relief prayed.

From the Clinton Circuit Court.

*F. F. Moore,* for appellant.

*J. V. Kent* and *J. W. Merritt,* for appellee.

ELLIOTT, C. J.—It is alleged in the complaint of the appellant, that the appellee, with intent to defraud the appellant, falsely and fraudulently represented that he was twenty-one years of age; that, relying on this representation, the appellant was induced to sell and deliver to the appellee, on one year's credit, a buggy and a set of harness; that the appellee, in payment for the property, delivered to appellant a buggy, and executed to him a promissory note, payable one year after date, and also executed a chattel mortgage to secure the payment of the note; that the appellee's representation was untrue; that he had not attained the age of twenty-one years; that on account of appellee's non-age the note can not be enforced; that the appellee avoided his note and mortgage by a sale of the mortgaged property, "and repudiates and re-

Rice v. Boyer.

fuses to be bound by his contract in reference thereto ;" that the appellant brings into court the note and mortgage executed to him, and tenders them to the appellee. Prayer for judgment for the value of the property delivered to appellee.

To this complaint a demurrer was sustained, and error is assigned on that ruling.

The appellee's counsel defend the ruling principally upon the ground that the action was prematurely brought, inasmuch as it can not be determined that any injury will be done the appellant until the expiration of the year fixed for the payment of the property purchased of the appellant. We agree with counsel that the contract is voidable, not void, and that the appellee might have performed it notwithstanding his non-age if he had so elected. *Price* v. *Jennings*, 62 Ind. 111 ; *Board, etc.*, v. *Anderson*, 63 Ind. 367 ; *Shrock* v. *Crowl*, 83 Ind. 243.

But this principle is not broad enough to meet the averment of the complaint, that the appellee has repudiated his contract and refuses to be bound by it. As the authorities relied on by counsel do not fully cover the case, further investigation is necessary, and the first step in this investigation is to ascertain and declare the effect of the infant's repudiation of his contract.

In *Shrock* v. *Crowl, supra,* the holding in *Mustard* v. *Wohlford*, 15 Gratt. 329, that, where the voidable act of an infant is disaffirmed, it avoids the contract *ab initio,* is fully approved. If this is the law, then, when the appellee repudiated his contract, he destroyed it for all purposes. It no longer bound him, nor could he take any benefit from it. If the contract was destroyed back to the beginning, it ceased to be operative for anybody's benefit. We think the principle of law is correctly stated in the cases to which we have referred, and that the conclusion we have stated is the logical, and, indeed, inevitable sequence of that principle. Tyler Infancy and Coverture, 78.

An infant may repudiate a contract respecting personal property during non-age. *Briggs* v. *McCabe*, 27 Ind. 327; *Indianapolis, etc., Co.* v. *Wilcox*, 59 Ind. 429; *Clark* v. *Van-Court*, 100 Ind. 113 (50 Am. R. 774); *House* v. *Alexander*, 105 Ind. 109 (55 Am. R. 189); *Hoyt* v. *Wilkinson*, 57 Vt. 404; *Price* v. *Furman*, 27 Vt. 268; *Willis* v. *Twambly*, 13 Mass. 204; *Stafford* v. *Roof*, 9 Cowen, 626; *Bool* v. *Mix*, 17 Wend. 119.

The repudiation by the appellee was, therefore, a complete avoidance of the contract, effectually putting an end to its existence, both as to him and as to the adult with whom he contracted.

It is evident from what we have said, that the ground taken by the appellee's counsel is not tenable, for, when their client repudiated the contract, as it is alleged he did, it ceased to be effective for any purpose.

It is contended by appellee's counsel that the appellant can not recover the value fixed on the property by the contract, and that the complaint is, therefore, insufficient. There is a plain fallacy in this argument. If a complaint states facts entitling the plaintiff to relief it will repel a demurrer, although it may not entitle him to all the relief prayed. *Bayless* v. *Glenn*, 72 Ind. 5, and cases cited. The question as to the measure of damages is not presented by a demurrer to a complaint where a cause of action is presented entitling the plaintiff to some damages, for the question which the demurrer presents is, whether the facts are sufficient to constitute a cause of action.

The material and controlling question in the case is this: Will an action to recover the actual loss sustained by a plaintiff lie against an infant who has obtained property on the faith of a false and fraudulent representation that he is of full age?

Infants are in many cases liable for torts committed by them, but they are not liable where the wrong is connected with a contract, and the result of the judgment is to indi-

rectly enforce the contract. Judge COOLEY says: "If the wrong grows out of contract relations, and the real injury consists in the non-performance of the contract into which the party wronged has entered with an infant, the law will not permit the former to enforce the contract indirectly by counting on the infant's neglect to perform it, or omission of duty under it as a tort." Cooley Torts, 106. In another place the same author says: "So if an infant effects a sale by means of deception and fraud, his infancy protects him." Cooley Torts, 107. Addison, following the English cases, says: An infant is not liable "if the cause of action is grounded on matter of contract with the infant, and constitutes a breach of contract as well as a tort." Addison Torts, section 1314.

Upon this principle it has been held in some of the cases that an infant is not liable for the value of property obtained by means of false representations. *Howlett* v. *Haswell*, 4 Campb. 118; *Green* v. *Greenbank*, 2 Marsh. 485; *Vasse* v. *Smith*, 6 Cranch 226 (1 Am. Lead. Cases, 237); *Studwell* v. *Shapter*, 54 N. Y. 249.

It is also generally held that an infant is not estopped by a false representation as to his age, but this doctrine rests upon the principle that one under the disability of coverture or infancy has no power to remove the disability by a representation. *Carpenter* v. *Carpenter*, 45 Ind. 142; *Sims* v. *Everhardt*, 102 U. S. 300; *Whitcomb* v. *Joslyn*, 51 Vt. 79 (31 Am. R. 678); *Conrad* v. *Lane*, 26 Minn. 389 (37 Am. R. 412); *Wieland* v. *Kobick*, 110 Ill. 16 (51 Am. R. 676); *Ward* v. *Berkshire Life Ins. Co.*, ante, p. 301.

It is evident from this brief reference to the authorities, that it is not easy to extract a principle that will supply satisfactory reasons for the solution of the difficulty here presented. It is to be expected that we should find, as we do, stubborn conflict in the authorities as to the question here directly presented, namely, whether an action will lie against an infant for falsely representing himself to be of full age.

*Johnson* v. *Pie*, 1 Lev. 169; *Price* v. *Hewett*, 8 Exch. 146; *Liverpool, etc., Ass'n* v. *Fairhurst*, 9 Exch. 422; *Brown* v. *Dunham*, 1 Root, 272; *Curtin* v. *Patton*, 11 Sergt. & R. 305; *Homer* v. *Thwing*, 3 Pick. 492; *Word* v. *Vance*, 1 N. & McC. 197; *Fitts* v. *Hall*, 9 N. H. 441; *Norris* v. *Vance*, 3 Rich. 164; *Gilson* v. *Spear*, 38 Vt. 311.

Our judgment, however, is that where the infant does fraudulently and falsely represent that he is of full age, he is liable in an action *ex delicto* for the injury resulting from his tort. This result does not involve a violation of the principle that an infant is not liable where the consequence would be an indirect enforcement of his contract, for the recovery is not upon the contract, as that is treated as of no effect; nor is he made to pay the contract price of the article purchased by him, as he is only held to answer for the actual loss caused by his fraud. In holding him responsible for the consequences of his wrong, an equitable-conclusion is reached and one which strictly harmonizes with the general doctrine that an infant is liable for his torts. Nor does our conclusion invalidate the doctrine that an infant has no power to deny his disability, for it concedes this, but affirms that he must answer for his positive fraud.

Our conclusion that an infant is liable in tort for the actual loss resulting from a false and fraudulent representation of his age, is well sustained by authority, and it is strongly entrenched in principle, although, as we have said, there is a fierce conflict. It has been sanctioned by this court, although, perhaps, not in a strictly authoritative way, for it was said by WORDEN, J., speaking for the court, in *Carpenter* v. *Carpenter, supra,* that "The false representation by the plaintiff, as alleged, that he was of full age, does not make the contract valid, nor does it estop the plaintiff to set up his infancy in avoidance of the contract; although it may furnish ground of an action against him for the tort. See 1 Parsons Cont. 317; 2 Kent Com. (12th ed.) 241."

The reasoning of the court in the case of *Pittsburgh, etc.,*

Rice *v.* Boyer.

*R. W. Co.* v. *Adams,* 105 Ind. 151, tends strongly in the same direction.

In *Neff* v. *Landis,* 1 Atlantic R. 177, it was said: " It can not be doubted that a minor who, under such circumstances, obtains the property of another by pretending to be of full age and legally responsible, when in fact he is not, is guilty of a fraud by false pretence, for which he is answerable under the criminal law. 2 Whart. Crim. Law, 2099."

If it be true, as asserted in the case from which we have quoted, that an infant who falsely and fraudulently represents himself to be of full age is amenable to the criminal law, it must be true, that he is responsible in an action of tort to the person whom he has wronged. The earlier English cases were undoubtedly against our conclusion, but the later cases seem to take a different view of the question; thus, in *Ex parte Unity, etc., Banking Ass'n,* 3 DeG. & J. 63, it was held that, in equity, an infant who falsely and fraudulently represented himself to be of full age was bound to pay the obligation entered into on the faith of his representation.

In the note to the case of *Humphrey* v. *Douglass,* 33 Am. Dec. 177, Mr. Freeman says, in speaking of the decision in *Kilgore* v. *Jordan,* 17 Texas, 341, that, "Aside from any question of authority, the rule given, in the case last cited, by HEMPHILL, C. J., as the rule of the Spanish, derived from the civil law, that if a minor represents himself to be of age, and from his person he appears to be so, he will be bound by any contract made with him, seems to be most consonant with reason and justice."

Mr. Pomeroy pushes the doctrine much farther than we are required to do here, for he says: " If an infant procures an agreement to be made through false and fraudulent representations that he is of age, a court of equity will enforce his liability as though he were adult, and may cancel a conveyance or executed contract obtained by fraud." 2 Pomeroy Eq., sec. 945.

In addition to cases cited which sustain our view may be

cited the following authorities: *Fitts* v. *Hall*, 9 N. H. 441 ; *Eckstein* v. *Frank*, 1 Daly, 334 ; *Schunemann* v. *Paradise*, 46 How. Pr. 426 ; Tyler Infancy, 182 ; 1 Parsons Cont. 317, note; 1 Story Eq. 385.

The English cases recognize a distinction between suits of equitable cognizance and actions at law, and declare that a representation as to age, when falsely and fraudulently made, will bind an infant in equity. *Ex parte Unity*, etc., *Ass'n*, *supra*, and authorities cited. Under our system we can recognize no such distinction, a distinction which is, as we think, a shadowy one under any system, for in our system the rules of law and equity are merged and mingled. Under such a system as ours courts should pursue such a course as will render justice to suitors under the rules of equity, which, after all, are but the embodiment of the principles of natural justice. It can not be the duty of any court of Indiana to deny substantial justice because the complaint states a cause of action in a peculiar form, for under our system courts must render such judgments as yield justice to those who invoke their aid, irrespective of mere forms, in all cases where the substantial facts are stated, and are such as entitle the party to the general relief sought. They will not inquire whether the proceeding which asks their aid is at law or in equity, but they will render justice to those who ask it in the method prescribed by our code of civil procedure.

It is laid down as a general rule by all the text-writers, that infants are liable for their torts, but many of these writers when they come to consider such a question as we have here, are sorely perplexed by the early English decisions, and, by subtle refinement, attempt to discriminate between pure torts and torts connected with contracts, and to create an artificial class of actions. Their reasoning is not satisfactory. Aside from mere personal torts, it is scarcely possible to conceive a tort not in some way connected with a contract, and yet all the authorities agree that the liability of infants is not confined to mere personal torts. There is a

Rice v. Boyer.

connection between a contract and a tort in every case of bailment, of the bargain and sale of personal property, and of the purchase and sale of real estate, and. if an infant is not responsible for his fraudulent representation of his age, in connection with such transactions, there is not within the whole range of business transactions any case in which he could be made liable for his fraud. There are many cases, far too numerous for citation, where there is some connection between the contract and the tort, and yet it is unhesitatingly held that the infant is liable for his tort. Cooley Torts, 112, auth. cited in notes. The cases certainly do agree; it is, indeed, difficult, if not impossible, to perceive how it could be otherwise, that, although there may be some connection between the contract and the wrong, the infant may be liable for his tort. It seems to us that the only logical and defensible conclusion is, that he is liable, to the extent of the loss actually sustained, for his tort, where a recovery can be had without giving effect to his contract. The test, and the only satisfactory test, is supplied by the answer to the question: Can the infant be held liable without directly or indirectly enforcing his promise? There is no enforcement of a promise where an infant who has been guilty of a positive fraud is made to answer for the actual loss his wrong has caused to one who has dealt with him in good faith and has exercised due diligence. Nor does such a rule open the way for a designing man to take advantage of an infant, for it holds him to the exercise of good faith and reasonable diligence, and does not enable him to make any profit out of the transaction with the infant, because it allows him compensation only for the actual loss sustained. It does not permit him to make any profit out of an executory contract, but it simply makes good his actual loss.

It is worthy of observation that in the cases which hold that an infant's representation will not estop him to deny his disability, it is generally declared that he may, nevertheless,. be held liable for his tort.

It may often happen that the age and appearance of the infant will be such as to preclude a recovery for a fraud, because reasonable diligence, which is exacted in all cases, would warn the plaintiff of the non-age of the defendant. On the other hand, the infant may be in years almost of full age, and in appearance entirely so, and thus deceive the most diligent by his representations. Suppose a minor, who is really twenty years and ten months old, but in appearance a man of full age, should obtain goods by falsely and fraudulently representing that he is twenty-one years of age, ought he not, on the plainest principles of natural justice, to be held liable, not on his contract, but for the loss occasioned by his fraud?

The rule which we adopt will enable courts to protect, in some measure, the honest and diligent, but none other, who are misled by a false and fraudulent representation, and it will not open the way to imposition upon infants, for, in no event, can anything more than the actual loss sustained be recovered, and no person who trusts, where fair dealing and due diligence require him not to trust, can reap any benefit. It will not apply to an executory contract which an infant refuses to perform, for, in such a case, the action would be on the promise, and the only recovery that could be had would be for the breach of contract, and the terms of our rule forbid such a result, but it will apply where an infant, on the faith of his false and fraudulent representation, obtains property from another and then repudiates his contract. Any other rule would in many cases suffer a person guilty of positive fraud to escape loss, although his fraud had enabled him to secure and make way with the property of one who had trusted in good faith to his representation, and had exercised due care and diligence. We are unwilling to sanction any rule which will enable an infant who has obtained the property of another, by falsely and fraudulently representing himself to be of full age, to enjoy the fruits of his fraud, either by keeping the property himself or selling it to

another, and when asked to pay its just and reasonable value successfully plead his infancy.   Such a rule would make the defence of infancy both a shield and a sword, and this is a result which the principles of justice forbid, for they require that it should be merely a shield of defence.

Judgment reversed with instructions to overrule the demurrer to the complaint.

