No. 13,129.

## ALVEY v. REED, GUARDIAN.

MECHANIC'S LIEN.—*Infant.*—*Quieting Title.*—A mechanic's lien can not be acquired against the property of an infant, for improvements made thereon, and his guardian may maintain a suit to quiet title.

SAME.—*Estoppel of Infant.*—An infant can not be estopped from asserting his true age, nor from avoiding his contract by pleading his disability.

From the Vigo Circuit Court.

*I. N. Pierce, T. W. Harper* and *L. Levieque,* for appellant.

ELLIOTT, J.—The appellee, as the guardian of Jessie Bowser, brought this action to quiet title to land owned by his ward. It is alleged in the complaint that the appellant erected a house on the land; that, at the time the house was built, Jessie Bowser was under the age of twenty-one years; that she was the wife of James B. Myers, from whom she has since been divorced, and that the house was built under a written contract executed by Myers and his then wife.

The appellant filed a cross-complaint, wherein he alleged that, at the time the contract was executed and the house built, Jessie Myers appeared in size and development to be of full age; that she entered into a contract with the appellant to build a house on the land owned by her; that she agreed to pay him for building the house the sum of $1,640, and that she paid him $300, and for the remainder executed a note and mortgage; that, when the house was completed, Jessie Myers for the first time informed appellant that she was a minor, and declared that she would not pay the note and mortgage, but would repudiate them when she arrived of age; that, thereupon, the appellant filed notice of intention to hold a lien on the property; that she has wrongfully and forcibly taken possession of the house, and now has possession of it.

The cross-complaint also avers that the improvement made by the appellant will increase the value of the property to

the amount of $1,640, and that the work done and materials furnished by him are of the reasonable value of $1,640.

It is further averred that at the time the contract was executed, and until after the house was completed, the appellant was ignorant that Jessie Myers was a minor, and that he believed that she was of full age.

The complaint is good. A mechanic's lien can not be acquired against the property of an infant. A lien implies a contract, and as an infant can not make a valid contract, no lien can be obtained against his property. *Price* v. *Jennings*, 62 Ind. 111; Phillips Mechanics' Liens, section 108.

The case made by the cross-complaint is a hard one as against the appellant, but many cases, indeed almost all cases where infants are concerned, are hard cases. We can not, much as we are impressed by the equities of the appellant, find any principle upon which we can uphold his cross-complaint. It can not be upheld on the ground of estoppel, because an infant can not be estopped from asserting his true age, nor from avoiding his contract by pleading his disability. *Carpenter* v. *Carpenter*, 45 Ind. 142; *Price* v. *Jennings, supra; Rice* v. *Boyer*, 108 Ind. 472; *Sims* v. *Everhardt*, 102 U. S. 300; Field Law of Infants, section 17.

A lien can not be enforced without enforcing a contract, since, as we have seen, the right to a lien depends entirely upon contract, and as the contracts of infants can not be enforced, the appellant has no right of action. If a right existed entirely independent of a contract, and was founded solely on a tort, it might be otherwise. *Rice* v. *Boyer, supra*, and authorities cited.

Persons who deal with infants do so at their peril, for the law interposes their non-age as a shield. If liens were allowed to prevail against infants, the result the law intends to prevent would follow, for they might be improved out of their property.

Judgment affirmed.

Filed June 12, 1888.