THE HUTTIG SASH AND DOOR COMPANY, Appellant, v. THOMAS H. MONTGOMERY, Respondent.

St. Louis Court of Appeals, March 5, 1894.

Practice, Appellate : WAIVER OF MATTER OF EXCEPTION. All matters of exception are waived, when the record does not show that the appellant excepted to the action of the trial court in overruling his motion for new trial.

*Appeal from the Barry Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED.

*Thos. M. Allen* for appellant.

*Gibbs, George & Landis* for respondent.

The appellant failed to except to the action of the trial court in overruling his motion for a new trial. This being the case, the judgment will be affirmed, if the verdict is supported by the pleadings. *McIrvine v. Thompson*, 81 Mo. 647. In such cases the record proper will only be examined. *Jackson v. Railroad*, 80 Mo.

147; *Cowan v. Railroad*, 80 Mo. 423; *Carpenter v. Railroad*, 80 Mo. 446.

BIGGS, J.—This is an action on a foreign judgment. The defendant denied that he was summoned, or that he appeared to the action, or that he authorized any one else to appear for him. The cause was submitted to the court, a jury having been waived, and the court found the issues for the defendant, and final judgment was entered for him. The plaintiff has appealed.

On the trial the plaintiff read in evidence what purported to be a copy of a judgment, rendered in the circuit court of Carroll county in the state of Arkansas, in favor of the plaintiff and against the defendant. The defendant testified that at the time the judgment was rendered he was a resident of Carroll county, Arkansas; that he had no notice whatever of the pendency of the action against him; that he did not appear to the action, nor did he authorize any one else to appear for him.

The plaintiff excepted to the instructions of the court, and it also called the attention of the court to the exception in the motion for new trial. But the record does not show that it excepted to the action of the court in overruling the motion for new trial. Under repeated decisions this left the plaintiff in the position of having waived all matters of exception. *McIrvine v. Thompson*, 81 Mo. 647; *Wilson v. Haxby*, 76 Mo. 345; *Jackson v. Railroad*, 80 Mo. 147.

The plaintiff has pressed upon our attention a matter which we probably ought to notice. One of the grounds stated in the motion for new trial was that the defendant had committed perjury on the trial. Complaint is made that the circuit court abused its discretion by refusing to grant reasonable time to procure affidavits in support of the motion. The impeaching

evidence upon which the plaintiff relied was that of the circuit clerk of Carroll county, Arkansas, and of J. B. Watkins, both of whom resided at Eureka Springs in that county. The record shows that the judgment was rendered April 4, 1893, that the motion for new trial was filed on the seventh and that it was overruled on the eighteenth. Carroll county, Arkansas, and Barry county, Missouri, adjoin, and are connected by a railroad extending to Eureka Springs. The plaintiff had fourteen days in which to procure the affidavits, which was certainly much more time than he could expect or was entitled to under the circumstances, especially since no excuse was offered for the delay. The court would have been justified in overruling the motion on the next day after it was filed, for the reason that the defendant's answer had been on file for almost six months, in which the defendant expressly denied that he had been served with process in the alleged action, or that he had appeared thereto, either in person or by agent or attorney. The plaintiff ought to have taken the depositions of its impeaching witnesses, or it ought to have had them at the trial.

Finding no error in the record, the judgment will be affirmed. All the judges concur.