RYAN v. GROWNEY, *Appellant.*

Division Two, December 18, 1894.

1. **Practice:** BILL OF EXCEPTIONS: MOTIONS FOR NEW TRIAL AND IN ARREST OF JUDGMENT. Motions for new trial and in arrest of judgment can only be preserved by being inserted in the bill of exceptions.

2. ———: ———: MOTIONS FOR FINDING OF FACTS. All motions for findings of facts must be preserved in the bill of exceptions in order to be reviewed on appeal.

3. ———: ———: MOTIONS CONSTITUTING PLEADINGS. Motions which constitute pleadings are a part of the record proper and need not be preserved by bill of exceptions.

4. ———: ———: MOTIONS FOR NEW TRIAL AND IN ARREST OF JUDG-
   MENT. It is sufficient if the bill of exceptions as filed contains a
   direction to the clerk to copy the motions for new trial and in arrest
   of judgment, provided they are copied into the record sent up to the
   appellate court.

5. ———: ———: ———. Exceptions to the ruling of the trial court
   upon motions for new trial and in arrest of judgment must be saved
   at the time and preserved in the bill of exceptions to entitle such
   ruling to be reviewed on appeal.

6. ———: ———: ERRORS OF RECORD PROPER. For errors apparent on
   the record proper, the appellate court will reverse a judgment,
   though no bill of exceptions be filed.

7. Infant, Misrepresentations as to Majority: ESTOPPEL:
   EQUITY. An infant who represents himself to be of age, as an
   inducement to one to purchase his land, will be estopped by such
   fraudulent representation from having a court of equity cancel his
   deed.

## *Appeal from Nodaway Circuit Court.*—HON. C. A. ANTHONY, Judge.

REVERSED AND REMANDED.

Plaintiff instituted this equitable proceeding in order to obtain the canceling of a deed made to the defendant of a certain fractional interest in a tract of land, the consideration paid therefor being $100.

The petition charges that the deed in question was obtained by defendant taking advantage of plaintiff's infancy (he being then under twenty-one years of age), and contriving to defraud and overreach him, persuaded him to execute and deliver to defendant the deed aforesaid, which defendant immediately put to record; that plaintiff, having now attained his majority, repudiates the deed, which is a cloud on his title, defendant having refused to reconvey. Wherefore, etc.

Defendant's answer after a general denial except, etc., sets up that plaintiff had every appearance of

being twenty-one years of age and in order to "induce the trade" designedly and premeditatedly represented to the defendant that he was then of full age, and defendant relied on plaintiff's statements and on his affidavit to that effect, and that plaintiff was fully aware of his infancy at that time. That such statements were made by plaintiff with the design and for the purpose to entrap the defendant into making the purchase of the land, and to induce him to part with the purchase price thereof; that defendant, relying on these statements and on the affidavit, in good faith purchased from, and paid to, plaintiff, the agreed purchase price of said land, and accepted from him a deed therefor; that by reason of the premises plaintiff is estopped, etc.

The reply was a general denial—except, etc.—and then proceeds, "Further replying the plaintiff says that the defendant got this plaintiff into an intoxicated condition and while in that condition plaintiff was induced to, and did, make the affidavit mentioned in the answer, not knowing or understanding the nature thereof."

The court at the close of the case entered a decree in behalf of plaintiff, in substance as follows:

"The court having heard and considered all the testimony doth find, order, decree and adjudge that the deed executed by the plaintiff, John Ryan, to the defendant, James C. Growney * * * purporting to convey from said Ryan to said Growney an undivided three eighths interest in and to (describing the land), be and the same is hereby ordered, decreed and adjudged canceled, and null and void, and for naught held. It is further adjudged that the defendant, James C. Growney, have and recover of the plaintiff, John Ryan, $106; that the judgment be and is hereby made a lien of the aforesaid interest in said land and

that plaintiff have thirty days to discharge said lien and in default thereof defendant have special execution against said interest in said land to satisfy said judgment.

"And the court finds as follows: That on the twenty-eighth day of March, 1892, the plaintiff, John Ryan, was not twenty-one years old; that he did not reach or attain his majority until August, 1892, and the court further finds that John Ryan on said twenty-eighth day of March, 1892, at the time of signing, acknowledging, and delivery of said deed was not under the influence of intoxicating liquors to the extent that he was not fully capable of comprehending his acts; that he made affidavit that he was past the age of twenty-one. It is further adjudged that defendant pay the costs of his own witness, subpœnas, service, mileage and *per diem;* that plaintiff pay all other costs."

No bill of exceptions was filed by defendant.

*James C. Growney, pro se.*

In decreeing a cancellation of the deed on the facts found, defendant maintains that the court committed error in not finding the law to be that the plaintiff, by his acts, assertions, admissions and conduct as shown by the pleadings and as disclosed in special finding by the court of the facts and embodied in the decree, is and should be estopped from setting up his minority or in asking a rescission of his deed—this even though the fact of minority did exist. 1 Story's Equity Jurisprudence, sections 385, 386; 2 Pomeroy's Equity Jurisprudence [2 Ed.], sections 815 and 945; 2 Herman on Estoppel, pages 1254, 1255, sections 1118, 1119, 1120; *Ferguson v. Bobo,* 54 Miss. 121; *Baker v. Stone,* 136 Mass. 405; Bigelow on Estoppel, 448, 510; Sugden on

Vendors, 507, 508; *Whittington v. Wright*, 9 Ga. 23; *Hartfield v. Roper*, 21 Wend. 615; *Coal Co. v. Pasc*, 79 Ill. 168; *Brantly v. Wolf*, 60 Miss. 420; *Overton v. Bannister*, 3 Hare, 503; *Harrison v. Burns*, 51 N. W. Rep. 165; *Kilgore v. Jordan*, 17 Tex. 341; *Kemp v. Cook*, 18 Md. 130. And, further, can the plaintiff maintain this suit having obtained defendant's money under the circumstances disclosed by the record. He makes or pleads no offer to return the consideration received, while he elects to repudiate his deed. Can it be done? Can he now put in motion a court of equity and use the shield of infancy to enable him to carry out the last act of his nefarious scheme and thereby free himself from the binding effect of the contract he designedly and fraudulently assumed. *Schmitheimer v. Eiseman*, 7 Bush (Ky.) 298; *Adams v. Fite*, 59 Tenn. (3 Baxter), 69; *Ferguson v. Bobo*, 54 Miss. 121; *Sewell v. Sewell*, 18 S. Rep. 162; *Dickerson v. Gordon*, 5 N. Y. Supp. 310. By the act of disaffirmance the infant loses the right to retain that which has been received, and if he hold on to the consideration after majority he is repelled in a court of equity. He can not use the shield of infancy as a sword. The court, by its special finding in this case, must have come to the conclusion that respondent still had the consideration received and adjudged it a lien on the land. *Yeager v. Knight*, 60 Miss. 730. The only ground upon which respondent bases his right to relief from the binding effect of his contract is, that what he stated and swore to be true when he deceived and misled appellant was in point of fact false.

*McCullough & Peery* and *W. C. Ellison* for respondent.

(1) This being a suit in equity and none of the evidence having been preserved, and there being no bill

of exceptions, this court can not review the findings and decree of the circuit court.    *Roberts v. Bartlett,* 26 Mo. App. 618 *loc. cit.*; *Knox v. Sikes,* 15 Mo. 235; *Douglas v. Stephens,* 18 Mo. 362; *Carter v. Holman,* 60 Mo. 498; *Johnson v. Long,* 72 Mo. 211; *Turley v. Edwards,* 18 Mo. App. 676; *Field v. Crecelius,* 20 Mo. App. 302; *Soderberg v. Pierce,* 33 Mo. App. 60.    (2)  When nothing is preserved by the record from which the appellate court can see whether the lower court erred or not, the judgment will be affirmed; for under such a state of the record the appellate court must presume that the trial court decided correctly.    *Mead v. Matson,* 9 Mo. 773; *Beckley v. Skrole,* 19 Mo. App. 75.    (3)  If a record be susceptible of two interpretations, that will be given it which will sustain the judgment of the inferior court. *Ins. Co. v. Cohen,* 9 Mo. 416.    (4)  When the record is incomplete, all presumptions will be indulged in favor of the correctness of the proceedings and rulings of the trial court, and it will be presumed that the court had before it evidence which would support the judgment. *Vaughan v. Railroad,* 34 Mo. App. 141; *Routsong v. Railroad,* 45 Mo. 236; *Porth v. Gilbert,* 85 Mo. 125; *Garth v. Caldwell,* 72 Mo. 622; *Christ v. Railway,* 36 Mo. App. 663; *Claflin v. Sylvester,* 99 Mo. 280; *Craig v. Scudder,* 98 Mo. 664; *Jayne v. Wine,* 98 Mo. 404. (5)   Where no exceptions to the action of the court in overruling the motion for new trial and in arrest of judgment are saved by a bill of exceptions, and no error appears on the face of the record proper, the supreme court will affirm the judgment.    *Wilson v. Haxley,* 76 Mo. 345; *Jackson v. Railroad,* 80 Mo. 147; *Cowan v. Railroad,* 80 Mo. 423; *Carpenter v. Railroad,* 80 Mo. 446.    Where a party fails to except to the action of the trial court in overruling his motion for new trial, he will be held to have acquiesced therein, and the supreme court will not consider matters called to the attention

of the trial court by such motion, but will affirm the judgment if it be supported by the pleadings. *Danforth v. Railroad*, 27 S. W. Rep. 715; *McIrvine v. Thompson*, 81 Mo. 647. (6) Motions for new trial and in arrest of judgment constitute no part of the record; they must be incorporated into the bill of exceptions. *Blount v. Zink*, 55 Mo. 455. And they will not be considered, though copied into the record, if not made a part of, or preserved by, a bill of exceptions. *Long v. Towell*, 41 Mo. 398; *Berkley v. Kobes*, 13 Mo. App. 502; *Story v. Bagsdale*, 30 Mo. App. 196; *McNeil v. Ins. Co.*, 30 Mo. App. 306; *State ex rel. v. Burckhartt*, 83 Mo. 430; *Collins v. Saunders*, 46 Mo. 389; *Ratchford v. Creamer*, 65 Mo. 49; Finkelnburg, App. Prac., pp. 66, 67. (7) No complaint is made that the petition does not state facts sufficient to constitute a cause of action, and under the allegations of the petition and the findings incorporated in the decree, there can be no question that the relief granted was warranted. *Craig v. Van Bebber*, 100 Mo. 584, and note in 18 Am. St. Rep. 573.

SHERWOOD, J.—It ought to be regarded as settled in this state, that *without a bill of exceptions there can be no such thing as a motion for a new trial or a motion in arrest*. The preservation of these motions is the *special and exclusive office of the bill of exceptions*. They can be preserved *nowhere else;* that is sole repository of such motions. No recital by the clerk in the record proper will have any such preservative effect. *Nichols v. Stevens*, 123 Mo. 96. This holds good of *all* motions made for finding of facts as provided by statute, the only exception being, that motions which constitute pleadings are regarded as a part of the record proper just like any other pleading.

*State ex rel. v. Court of Appeals*, 87 Mo. 374; *Wilson v. Railroad*, 108 Mo. *loc. cit.* 602.

Under the old practice all motions not constituting part of the record proper, had to be *incorporated* into, *i. e.*, *copied* in, the bill of exceptions, but under the new statutory regime the old rule has so far relaxed that "provided the bill of exceptions so filed contains a direction to the clerk to copy the same, and the same are so copied into the record sent up to the appellate court," this will be sufficient.    *State v. Griffin*, 98 Mo. 672.

And not only must there be a bill of exceptions and the motions desired to be preserved, preserved as aforesaid, but on the denial of the motion for a new trial or in arrest, exception must be saved, and this must be preserved in the bill of exceptions, by being recited therein.    Without such exception thus taken and saved, the so-called bill becomes "as sounding brass or a tinkling cymbal."    In such case, in contemplation of law, there is no such motion.    *State v. McDonald*, 85 Mo. 539; *State v. Gilmore*, 110 Mo. 1.

But here there is not even a bill of exceptions and of course, it is worse than useless to talk about the motion for a new trial, or the motion for a finding of facts.    In the circumstances of this case they can not be noticed although defendant relies on them to a large extent, as the attention of the court was not called to such matters and an opportunity afforded to correct the errors complained of.    See last case cited, and authorities there collated.    Also see *McIrvine v. Thompson*, 81 Mo. 647; *Wilson v. Haxby*, 76 Mo. 345; *Danforth v. Railroad*, 123 Mo. 196, and cases cited.

But notwithstanding the foregoing observations, it is nevertheless true that for material error apparent

on the record this court will reverse the judgment although no bill of exceptions be filed. *Ransom v. Cobb*, 67 Mo. 375; *Showles v. Freeman*, 81 Mo. 540; *Mills v. Thomson*, 61 Mo. 415; *Nordmanser v. Hitchcock*, 40 Mo. 178; *Railroad v. Mahoney*, 42 Mo. 467; *Sweet v. Maupin*, 65 Mo. 65. The only excuse given by plaintiff for deceiving defendant, as stated in the answer, was that alleged in the reply, "*that the defendant got this plaintiff into an intoxicated condition and while in that condition, the plaintiff was induced to, and did, make the affidavit mentioned in the answer, not knowing or understanding the nature thereof.*"

These allegations of the reply are tantamount *to the tacit admission that but for such intoxication, thus induced by defendant,* plaintiff would have been "*at himself,*" and knowing *his minority would not have made the false affidavit.* No other conclusion can legitimately be drawn from these allegations of the reply. These allegations were evidently made to avoid the estopping effect of the false affidavit. But the lower court expressly found that such a state of intoxication *did not exist.* So that we have a false affidavit made by plaintiff *while duly sober,* and which was calculated to deceive and did deceive defendant as to plaintiff's age, and was made for that express purpose.

The case then stands here before this court with the false affidavit and the false excuse therefor, *exposed and blazoned forth on the record;* but still the lower court without finding any fraud on defendant's part nor any on plaintiff's part, entered a decree for the latter.

Now, if it be true that in the circumstances plaintiff was estopped to do as he did, and the record shows this, then there exists error patent of record, and consequently the decree entered can not stand.

Was the plaintiff estopped? This question will now be considered in the light of authorities to be cited.

Touching this topic an eminent jurist says: "For in cases where one of two innocent persons must suffer a loss, and *a fortiori* in cases where one has misled the other, he who is the cause or occasion of that confidence by which the loss has been caused or occasioned ought to bear it. Indeed, cases of this sort are viewed with so much disfavor by courts of equity, that neither infancy nor coverture will constitute any excuse for the party guilty of the concealment or misrepresentation; for neither infants nor *femes covert* are privileged to practice deceptions or cheats on other innocent persons." 1 Sto. Eq. Jur. [13 Ed.], sec. 385.

Pomeroy says: "Fraud, however, will prevent the disability of infancy from being made available in equity. If an infant procures an agreement to be made through false and fraudulent representations that he is of age, a court of equity will enforce his liability as though he were adult." 2 Pom. Eq. Jur. [2 Ed.], sec. 945.

Another author of recognized merit says: "Neither coverture nor infancy will excuse fraud. An infant who is privy to, or practices a fraud, or commits a tort, shall be bound in the same manner as if he had been an adult. Thus, where an infant fraudulently represents himself to be of age and thus obtains credit for goods, he is liable in equity though not in law. So, where a married woman represented herself to be a widow and borrowed a sum of money, she was bound by her representation. On the principle that a person shall not set up his own iniquity as a defense, any more than as a cause of action. Whenever an infant who has arrived at years of discretion, by direct participation, or by silence when he was called upon to

speak, has entrapped a party, ignorant of his title or of his minority, into purchasing his property from another, or who in selling real estate, represents himself to be of full age, and induces the party to buy on the strength of that representation, can not disaffirm his contract on the ground of infancy." 2 Herman on Estoppel, and Res Judicata, sec. 1119.

In *Schmitheimer v. Eiseman*, 7 Bush, 298, an affidavit was made by an infant as to her majority and the purchaser was induced to accept her deed and part with his money, relying on the truthfulness of the facts thus stated. The court said that "the chancellor could give no relief to appellant without making himself a party to her iniquitous and fraudulent conduct and we think he properly dismissed her petition, wherefore we affirm his judgment." See, also, *Ferguson v. Bobo*, 54 Miss. 121; *Adams v. Fite*, 3 Baxter (Tenn.), 69; *Carpenter v. Carpenter*, 10 C. E. Green, 194; *Whittington v. Wright*, 9 Ga. 23; *Patterson v. Lawrence*, 90 Ill. 174.

Guided by these authorities we hold that plaintiff is estopped by his fraudulent conduct and representations from calling on a court of equity to aid him in repudiating a contract brought about by such means, and the facts on which this conclusion is based, being patent of record, we reverse the decree entered below, and remand the cause with directions to the lower court to dismiss the petition. All concur.

### ON MOTION FOR REHEARING.

SHERWOOD, J.—We have been moved for a rehearing in this cause, or else that we so modify the directions to the lower court as to permit that court to rehear the cause.

As the facts in this cause have not been as fully

disclosed upon the record as we would like them to be, and as the findings of the lower court regarding the issues of fact are not so fully or satisfactorily presented as we could desire them to be, when made the predicate of a final adjudication, and as possibly in consequence of those things we might unwittingly do an injustice, we will reverse the decree and remand the cause, in order that the lower court may rehear the same, unbound by anything said in the original opinion.   All concur.