DAVID F. WATSON *vs.* JOSEPH RUDERMAN.

Third Judicial District, Bridgeport, April Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

The office of a reply is to meet matter averred in the answer. It cannot be used to set up facts for the purpose of obtaining distinct, affirmative relief.

A prayer for affirmative, equitable relief has no place save in a complaint, cross-complaint, or answer embodying a counterclaim; and if inserted in a reply, the defendant is entitled to have its appropriateness tested by demurrer.

The incapacity of infants to enter into binding contracts or make valid conveyances is the same in equity as at law, and the same rules of public policy govern and the same consequences attend the transaction.

A court of equity will not undertake to foreclose the title of a minor to real estate if the note and mortgage given by him are subject to his disaffirmance upon attaining majority; unless, indeed, he has been guilty of some fraud or false representation as to his age, or some other fact appears in the case which is generally recognized as the basis for an estoppel or for equitable interposition.

In the absence of any other fact than that of an infant's participation

in a contract or conveyance, a court of equity will not deprive him of his right to affirm or disaffirm after he becomes of age.

The facts in the present case briefly reviewed and *held* to present no basis for an estoppel or for any equitable interference.

This court is not bound to pass upon alleged errors which are insufficiently assigned in the reasons of appeal.

Argued April 10th—decided May 1st, 1907.

ACTION to foreclose a mortgage of real estate made by an infant, brought to and tried by the Court of Common Pleas in Fairfield County, *Curtis, J.;* judgment for defendant, and appeal by plaintiff. *No error.*

The complaint is one framed in the ordinary form of a foreclosure of a mortgage of lands. The defendant is described as the maker of the note and mortgage. The defendant pleaded infancy, alleging that at the time the note and mortgage were made by him, to wit, January 18th, 1906, he was only nineteen years of age. The plaintiff in his reply admitted these allegations of infancy, and then proceeded, under the introduction "By way of Equitable Relief," to reaffirm, by reference, the allegations of the complaint, and further to allege, in substance, that on said January 18th the plaintiff sold and conveyed to the defendant the equity of redemption in the described premises, in consideration of the assumption by the defendant of the mortgage of $600 already upon the property, $150 then paid in cash, and a note for $200 then made and delivered to the plaintiff by the defendant, which note was secured by a mortgage of said equity, also then executed and delivered by the defendant, said note and mortgage being those in suit; that the defendant has paid only $26 on account of said note, or of the prior assumed encumbrance; that there is located upon said premises a building since occupied by the defendant for the conduct of business; that the use of said property is reasonably worth $10 per month, and that the plaintiff is ready and willing to pay into court for the use of the defendant so much of the amount the defendant has paid as the court should find ought equitably to be repaid to him. The plaintiff there-

upon claimed the following relief : " (1) A decree affirming
said purchase, payment, mortgage and note, and a judg-
ment of foreclosure, or (2) a decree disaffirming said pur-
chase, payment, mortgage and note, and (3) a judgment
fixing the amount which the defendant is equitably entitled
to have paid into court for his use, on account of said pay-
ment, and (4) a decree or judgment for a reconveyance of
said property to the plaintiff, or otherwise vesting title
thereto in him, (5) such other and further appropriate
relief as to equity may appertain." The defendant there-
upon demurred to said prayers for relief, for the reason
that the facts stated did not entitle the plaintiff to the
relief sought. This demurrer was sustained, and judg-
ment for the defendant thereafter followed in due course.

*William H. O'Hara*, for the appellant (plaintiff).

*Henry Greenstein*, for the appellee (defendant).

PRENTICE, J. The plaintiff contends that the court's
action in sustaining the demurrer to the reply was errone-
ous, for reasons which, in the brief of counsel, are resolved
into three, to wit : first, because, for the purposes of the
demurrer, the defendant must be regarded as having waived
the defense of infancy, since it was not therein specifically
appealed to ; second, because a foreclosure might have been
properly awarded upon the facts set up ; and third, because
equity might grant relief either by compelling the infant
defendant to elect to affirm or disaffirm the transaction, or
·by making such election for him and thereupon establish-
ing what had in form been done, or, as the case might be,
setting the same aside and restoring the parties to their
former status.

The reply, in so far as it set up facts for the purpose of
claiming, and claimed, the relief demurred to, was not a
proper pleading. The office of a reply is to meet matter
averred in the answer. It may not be used, as here, to set
up facts for the purpose of obtaining distinct affirmative

relief.   Prayers for relief have no place save in a complaint, cross-complaint, or answer embodying a counterclaim.

When the plaintiff discovered that he desired relief not already prayed for, he should have amended his complaint to embody it, and such facts, in addition to those already therein, as were deemed pertinent.   Instead of pursuing this course, which would have presented a complaint disclosing the defendant's legal incapacity to enter into the contracts and conveyances set up, he sought to avoid in his reply the effect of that incapacity which had been asserted and admitted, by an appeal for distinct and affirmative equitable relief.   To this end, certain facts in part new to the case were stated in a form suggestive of an equitable counterclaim, and such relief as was conceived to be appropriate to the facts of the case, including the admitted infancy, prayed for.   Under such circumstances the defendant was in fairness entitled to have the appropriateness of the prayers for relief contained in the reply put to the test of his demurrer, with a regard not only for the facts alleged in the reply but also for the other fact to which the reply was specially addressed and without which the prayers had no pertinence.   The plaintiff's first reason for claiming error, which it is to be noticed was not sufficiently assigned in the reasons of appeal, must therefore, for a double reason, fail.

The plaintiff's argument in support of his second contention that a foreclosure might have been granted, establishes nothing more than that a minor may be foreclosed. This is of course true: but the effort here is not only to foreclose a minor, but to do so upon a note and mortgage executed by such minor.   The contract embodied in the note, and the conveyance of title effectuated by the mortgage, were alike voidable.   The defendant, by the accepted rule of public policy, was entitled to disaffirm them.   This disaffirmance might be exercised after the attainment of majority—a time still in the future—and in so far as the mortgage was concerned could not, by the current of authority, be sooner exer-

cised. *Kline* v. *Beebe*, 6 Conn. 494, 503–505; *Shipman* v. *Horton*, 17 id. 481, 483; *Bestor* v. *Hickey*, 71 id. 181, 184–186, 41 Atl. 555; *Coburn* v. *Raymond*, 76 Conn. 484, 491, 57 Atl. 116; *Sims* v. *Everhardt*, 102 U. S. 300, 309. The plaintiff, therefore, stands in the position of asking a mortgage to be foreclosed which, as far as appears, has no established status. Such a mortgage may not be made the subject of foreclosure until and unless its status shall have been first established as that of a conveyance not subject to avoidance at the will of the mortgagor.

We are thus brought to the underlying question of the case, which is whether or not a court of equity may, by compelling the present exercise by or for the defendant, of his right of affirmance or disaffirmance, or by exercising for him the choice which is his, or in some other way, fix definitely and finally the status of the transactions recited in the record, and thus either establish the validity of the note and mortgage as a preliminary to a foreclosure, or in some other manner permanently settle the rights of the parties. In answering this question we must bear in mind that the incapacity of infants to enter into binding contracts or make valid conveyances is the same in equity as at law, and that the same rules of public policy govern and the same consequences attach. 2 Pomeroy's Equity Jurisp. (3d Ed.) §945. It follows that, in the absence of other facts than that of an infant's participation in a contract or conveyance, there cannot exist a situation in which, through the operation of an estoppel, validity will be given to it, or through equitable intervention it will be set aside, and thus by one means or the other an effect be given to the transaction different from that which the general policy of the law has seen fit to attach to it. *Baker* v. *Stone*, 136 Mass. 405; *Corey* v. *Burton*, 32 Mich. 30, 32. In other words, a court, whether of equity or of law, will not hold itself justified in depriving an infant who was of the age of presumed natural capacity at the time of his participation in a property transaction, of the

right or privilege, which is deemed essential to his proper protection, of affirming or disaffirming it upon his arrival at the age of legal capacity, unless there appears in the situation presented some fact in addition to such participation—some fact which is recognized as furnishing the basis for equitable interposition generally, or as laying the foundation for an estoppel. The active fraud or false representation as to age by the infant has been recognized as furnishing such a fact. *Ex parte Unity Banking Asso.*, 3 De Gex & J. 63; *Nelson* v. *Stocker*, 4 id. 458, 464; *Wright* v. *Snowe*, 2 De Gex & Sm. 321; *Lempriere* v. *Lange*, L. R. 12 Ch. Div. 675; *Hayes* v. *Parker*, 41 N. J. Eq. 630, 632, 7 Atl. 511; *Rice* v. *Boyer*, 108 Ind. 472, 9 N. E. 420; *Williamson* v. *Jones*, 43 W. Va. 562, 27 S. E. 411; *Ryan* v. *Growney*, 125 Mo. 474, 28 S. W. 189, 755; *Kilgore* v. *Jordan*, 17 Tex. 341. Such conduct on the part of an infant has, however, frequently been held to be insufficient to create an estoppel. *Sims* v. *Everhardt*, 102 U. S. 300; *Burley* v. *Russell*, 10 N. H. 184; *Whitcomb* v. *Joslyn*, 51 Vt. 79; *Studwell* v. *Shapter*, 54 N. Y. 249; *Wieland* v. *Kobick*, 110 Ill. 16; *Corey* v. *Burton*, 32 Mich. 30, 32; *Alvey* v. *Reed*, 115 Ind. 148, 149, 17 N. E. 265; *Conrad* v. *Lane*, 26 Minn. 389, 4 N. W. 695; *Lackman* v. *Wood*, 25 Cal. 147. Mere concealment of infancy has by common consent been regarded insufficient to that end, or as in any way creating an enforcible obligation. *Stikeman* v. *Dawson*, 1 De Gex & Sm. 90; *Baker* v. *Stone*, 136 Mass. 405; *Davidson* v. *Young*, 38 Ill. 145; *Stoolfoos* v. *Jenkins*, 12 Serg. & R. (Pa.) 399, 403; *Brantley* v. *Wolf*, 60 Miss. 420. We have no occasion to consider the questions which are suggested by these cases. Reference is here made to the attitude which the courts have assumed, only for the purpose of showing their reluctance to withdraw from infants the privileges, as respects their property engagements, which are bestowed upon them for their protection, and that such withdrawal is never countenanced except under strong justification from circumstances other than their participation in the transaction.

The facts spread upon this record will be examined in vain for such a circumstance. It contains nothing pertinent to the plaintiff's right to invoke judicial aid, save that the plaintiff sold and conveyed to the defendant minor the equity of redemption in the land in question in consideration of the latter's assumption of an existing mortgage thereon, the payment down of a sum in cash, and the execution and delivery by the defendant to the plaintiff of the note and mortgage in suit, and that this note has never been paid. There is no averment of any fraud or fraudulent representation; not even one of concealment. In fact it does not appear that the plaintiff was not fully aware of the defendant's infancy and voluntarily chose to assume the risk of dealing with him. The substance of the plaintiff's allegations and prayers, therefore, is that he dealt with a minor, and now asks the law to relieve him from the inconvenience, hazard, and possible loss attending such transactions. He wishes to escape the consequences which the law has seen fit to attach to the situation in which he finds himself, and no reason for that escape is presented save such as the general policy of the law has adjudged inadequate. Clearly he has failed to show a case for equitable intervention.

There is no error.

In this opinion the other judges concurred.