BUTLER BROTHERS, INCORPORATED, *v.* SNYDER.

[No. 11,759.   Filed January 30, 1924.]

1. PLEADING.—*Fraud or Contract.*—A complaint alleging that the defendant, by representing to the plaintiff that a certain forged guaranty was genuine, induced the plaintiff to sell and deliver to the defendant certain merchandise, must be construed as a complaint in tort, although it contains averments relative to a contract between the parties.   p. 44.

2. INFANTS.—*Liability for Tort.*—An infant who has obtained property by false and fraudulent representations is liable for the loss actually sustained by a party who has dealt with him in good faith, relying on such representations, where there can be a recovery without enforcing his contract.   p. 45.

3. INFANTS.—*Fraud.—Procuring Contract of Sale.—Repudiation Unnecessary.*—In an action against an infant for procuring merchandise by fraudulent representations, the contract of sale of the merchandise was void from the beginning and needed no repudiation to render it void, although the merchandise did not consist of necessaries.   p. 45.  ·

From Howard Circuit Court; *John Marshall,* Judge.

Action by Butler Brothers, incorporated, against Kenneth P. Snyder.   From a judgment for defendant, the plaintiff appeals.   *Reversed.*

*Homer R. Miller* and *Rex E. Ballenger,* for appellant.
*Joseph C. Herron,* for appellee.

BATMAN, J.—Appellant filed a complaint against appellee, which, when construed according to its general scope and tenor, in the light of its leading averments, must be held to be an action in tort, although it contains some allegations indicating the contrary.   It is based upon the fraud of appellee, in representing to appellant that a certain forged guaranty was genuine, thereby inducing it to furnish appellee certain merchandise under a void contract of sale. Appellee filed an answer in two paragraphs, the first being a general denial.   Appellant filed a demurrer to the second paragraph of answer, which was overruled, and it thereupon filed a reply in general denial.   A trial followed, resulting in a judgment in favor of appellee.

Appellant filed a motion for a new trial, which was overruled, and is now prosecuting this appeal on an assignment of errors based on the two adverse rulings stated.

Appellee seeks to avoid liability for the wrongful acts charged by alleging in his second paragraph of answer that he is and was a minor at all times 2, 3. mentioned in the complaint; that he acquired the articles of merchandise in question under a contract with appellant, and that they were not necessaries. He does not deny in such paragraph that the contract was induced by the fraudulent representation alleged, but expressly admits therein that he may have forged the guaranty in question, but avers that he has never repudiated such contract. It is settled in this state that an action will lie against an infant who has obtained property on the faith of a false and fraudulent representation, for the loss *actually sustained* by a party who has dealt with him in good faith, and in the exercise of reasonable diligence, providing recovery can be had without giving effect to a contract of the infant. *Rice* v. *Boyer* (1886), 108 Ind. 472, 9 N. E. 420, 58 Am. Rep. 49. The complaint in this case presents such an action, and hence an answer of infancy is not a bar thereto. The contract being induced by fraud, as appellant alleges, was void from the beginning, and hence required no repudiation on the part of appellee to render it so. The fact that the merchandise involved did not consist of necessaries is of no consequence. It follows that the court erred in overruling appellant's demurrer to the second paragraph of answer.

The judgment is reversed with direction to the trial court to sustain appellant's motion for a new trial, and the demurrer to appellee's second paragraph of answer; and for further proceedings consistent with this opinion.