By the Court. Paine, J.
Although no explanation was given upon the trial of the purposes for which the checks were drawn, nor of the circumstances under which they passed from the possession of the plaintiff,-it seems to us, there is no reasonable ground upon which his right to recover in this action can be doubted. When a bill'or check is payable to order, to justify the application to its .payment of the funds of the drawer, ■ it must be proved that the required order was in fact given—in other words, it must be proved that the endorsement was genuine—and the burden of this proof rests upon the person, or bank upon whom the bill or check is drawn. Where the endorsement of the payee is shown to be forged, the payment of a check by the bank is in its own wrong, and can never be set up as a defence against the person whose rights it violated, or whose funds are misapplied. In all such cases, the bank must be liable to some person to the extent of such wrongful payment. If the check at the time was the property of the payee, it is to him that the bank is liable ; but if it had never passed into his hands, and he had no interest in it whatever-—and such *439 are the facts in the ease before ns—they are the funds of the drawer that have been misapplied, and which the bank is bound to replace. It is the plaintiff, therefore, who is entitled to maintain this action.
It is impossible for us to treat these checks as payable to bearer or to a fictitious person; as the payees are real persons, the presumption of law is, that the checks were drawn with the intent of vesting the title in them,' and in them alone. Consequently, it was only from them that a title could be derived, and only upon a title given by them, and evidenced by their endorsement, that a valid payment could be made. As the checks were never delivered to them, and they were not the holder’s of them at any time for value, or otherwise, it seems to us a necessary inference that it Was by the fraud of some third person that the checks were obtained and put into circulation. The loss resulting from this fraud the defendants must sustain, and against its perpetrator must seek their remedy.
The supposition that the plaintiff delivered the checks to some third person, to whom he gave an authority to put them into circulation by endorsing the name of the payees, is something worse than gratuitous. We reject it wholly—there is no proof of such a delivery, and the plaintiff could give no such authority;—and, assuredly, we shall not impute to him, in order to protect the defendants, the design of enabling a third person, by means of a forgery, to effect a fraud.
The plaintiff must have judgment upon the verdict.