CAROLINE DOUBLEDAY, Appellant, *v.* ISAAC KRESS, Respondent.

The possession by an assumed agent of a promissory note payable to the order of the payee, and not indorsed by him, is not alone sufficient evidence of his authority to authorize a payment thereof to him.

The payee of such a note delivered it to an agent with authority to receive the interest thereon, and to take a new note with an indorser. The maker paid principal and interest to the agent. In an action by the payee upon the note,—*Held* (CHURCH, Ch. J. and GROVER, J., dissenting), that the agent was not authorized to receive payment of the principal in money and that plaintiff was entitled to recover

(Argued November 18, 1872; decided December 3, 1872.)

APPEAL from order of General Term of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and reversing an order of Special Term denying a motion for a new trial.

This action was brought to recover the amount of a promissory note for $800, made by defendant, dated April 11, 1867, payable to the order of plaintiff, one year from date, "at L. J. Wilkin's land office in Dundee." About the time the note fell due she was told by her son-in-law, Theodore Miller, that

defendant wished to pay interest and renew the note for one year; she thereupon gave him the note, with instructions to get a new note for the principal indorsed by one Raplee. Defendant before the note fell due left the money to pay it with Mr. Wilkin at his office (the place of payment specified in the note). Murray presented the note when due, with a forged order attached, reading thus: " Mr. Wilkin, please pay my money to Mr. Murray, Caroline Doubleday." Upon receipt of the note and order, Wilkin, in the presence of defendant, paid the money over to Murray. The latter paid over the interest to plaintiff and absconded with the principal. Some further facts appear in the opinion. The court directed a verdict for the plaintiff, which was rendered accordingly.

*H. Humphrey* for the appellant. Plaintiff's verbal directions in regard to the note to Murray could not affect Kress or Wilkin, who knew nothing of them. (*Johson* v. *Windler*, 3 Bing. N. C., 125; *Cheap* v. *Hanly*, 3 T. R., 127; Chitty on Bills, 261, and *Assignees of Bagnall and Hand* v. *Sheppard*, London Sittings after Hilary Term, 16 Geo. III, there cited; *Smith* v. *Chester*, 1 T. R., 654; *Allen* v. *Dundas*, 3 id., 127; *Mead* v. *Young*, 1 id., 28; Camp. Rep., 28; *Foster* v. *Clements*, 2 id., 17; *Hall* v. *Fuller*, 5 B. & C., 750; *Smith* v. *Mercer*, 6 Taunton, 74; 1 Marsh, 453; 2 Parsons on Notes & Bills, 211, and cases cited; *Weisser* v. *Dennison*, 6 Seld., 68; Story on Agency, 98; *Morgan* v. *Bank of State of New York*, 1 Kern., 404; *Holbsinger* v. *Nat'l Bank of Albany*, 37 How. P. R., 203; *Canal Bank* v. *Bank of Albany*, 1 Hill, 287.) Murray had no authority to present the note. (Chitty on Bills, 391, and cases cited there, in note M; id., 394, note A; *Owen* v. *Barrows*, New Rep., 103, 2 Ld., 930; *Johnson* v. *Windler*, 3 Bing., N. C., 125.)

*Charles S. Baker* for the respondent. The note could be transferred by the appellant by mere delivery, without indorsement, so that the transferree could recover thereon. (*Franklin Bank* v. *Raymond*, 3 Wend., 69; *Savage* v.

*Brown*, 12 How., Pr. R., 166; *Hastings* v. *McKivly*, 1 E. D. Smith, 273; Story on Agency, §§ 94, 98.) When the agent has the possession of the security the payment is good of the principal although the agent is only authorized to collect the interest. (*Megary* v. *Funtis*, 5 Sanf. Sup. Ct. R., 376; Opin. SANFORD, J., 379, 380; *Williams* v. *Walker*, 2 Sanf. Ch. R., 325; Greenl. Ev., vol. 2, § 65; *Hatfield* v. *Reynolds*, 34 Barb. S. C., 612; *Tappen* v. *Minman*, 18 Iowa, 499; *Foster* v. *Beals*, 21 N. Y., 247; Story on Agency, § 56; *Barber* v. *Briton*, 26 Vt., 112; *Rawls* v. *Deshler*, 3 Keyes, 572.) Appellant is liable for any loss occasioned by the misconduct of the agent. (*Cartwright* v. *Wilmerding*, 24 N. Y. R.; Opin. GOULD, J., 529; *Bassett* v. *Spofford*, 2 Daly, 435.) Murray was a general agent in law. (*Bridenbecker* v. *Lowell*, 32 Barb., 18; *Johnson* v. *Jones*, 4 id., 369; 1 Parsons on Contracts, 39, 40; *Dunning* v. *Roberts*, 35 Barb., 463, 467; *Barbour* v. *Briton*, 26 Vt., 112.) Appellant has been guilty of laches, or, at least, ratified the payment. (*Johnson* v. *Jones*, 4 Barb. S. C., 369; Opin., ALLEN, J., 373; *Hanks* v. *Drake*, 49 Barb. S. C., 186; *Bridenbecker* v. *Lowell*, 32 id., 10; 1 Parsons on Contracts, 51, cases cited; *Benedict* v. *Smith*, 6 Paige, 126; Opin. clause 130; Story on Agency, § 250.) Appellant allowed Murray to assume the apparent position of her agent, and the right to receive payment of the note; she cannot now gainsay his right to do so to respondent's prejudice. (*Johnson* v *Jones*, 4 Barb., 373; *Bridenbecker* v. *Lowell*, 32 id., 16, 17; *Dunning* v. *Roberts*, 35 id., 467; *Lefler* v. *Field*, 50 id., 411; *Booth* v. *Bince*, 40 id., 117, 118; *Whitbeck* v. *Schuyler*, 44 id., 471; *Caimes* v. *Bleecker*, 12 Johns., 300; *Culver* v. *Ashley*, 19 Pick., 300; *Hanks* v. *Drake*, 49 Barb. 201, 202.)

PECKHAM, J. The question is, had Murray, the son-in-law of plaintiff, who received the money on the note in suit, principal and interest, authority to do so, actual or apparent? If he had actual authority, of course that ends this suit, as the

note sued on is paid. If he had apparent authority from the plaintiff, the result is the same.

Had he apparent authority? Mere possession of the note by the assumed agent, Murray, unindorsed, without any other sustaining facts, is not sufficient to authorize payment to him.

This is well settled by authority. (Story on Agency, § 98, and cases there cited.) In *Williams* v. *Walker* (2 Sand. Ch. R., 225), this subject is discussed, and many of the authorities reviewed, chiefly as to mortgages and bonds. *Brown* v. *Blydenburgh* (3 Seld., 141) and *Foster* v. *Beals* (21 N. Y., 247) do not touch this case. They relate to payments made by mortgagor to mortgagee, after assignment of the mortgage, without notice thereof and without the production of the mortgage. There must be some additional fact to give validity to such a payment. That the agent took the security, or negotiated and made the loan for which the security was taken, and was thereafter intrusted by the owner with its possession, is sufficient to render the payment valid. No fact of that kind appears in this case. True, it is stated in the stipulation signed by the plaintiff's attorneys that Murray, plaintiff's son-in-law, acted as agent of the plaintiff in loaning the money, the consideration of the note. Though the form of the stipulation admits its statements as facts upon the trial, it is apparent that it was not so understood by the parties; as the plaintiff proved, without objection, that Murray had nothing to do with the loan to the defendant or with the taking of the note. This evidence was clear and uncontradicted, and left Murray with no additional support to the mere fact of his possession of the note. Had any objection been made to this evidence, the court had power and doubtless would, upon a proper application, have relieved the plaintiff from the effect of her attorney's stipulation.

The reason of the rule, that one who has made the loan as agent and taken the security is authorized to receive payment when he retains possession of the security, is founded upon human experience, that the payer knows that the agent

has been trusted by the payee about the same business, and he is thus given a credit with the payer.

In the case at bar the payer had been furnished with no such credit by the assumed agent. Furthermore, he was not deceived by the mere production of the note. All parties to the transaction there acted upon the assumption that the mere production of the note, payable to plaintiff's order and not indorsed, showed no authority to receive the payment. Hence Murray, the assumed agent, forged the order to pay, and upon inquiry by the defendant's lawyer as to the genuineness of that order and receiving a satisfactory answer, the payment was made; the defendant being enjoined by his lawyer to paste the order to the note, virtually to preserve the evidence of the agent's authority.

Hence the action of both parties accorded with the law. Neither was deceived by the mere production of the indorsed note into the belief that that alone gave authority to receive payment. The note was not indorsed, and hence the agent could not, unless otherwise authorized, transfer it or receive the money. (Chitty on Bills, 228.)

Had the agent actual authority to receive entire payment, it is not material to deny that he was thereby authorized to do all things necessary to effectuate the payment. But having a right to receive only the interest, he had no more right to draw an order for the principal, than if he had no power to receive anything.

If, then, the apparent power, if all the real facts that the defendant knew or with which he was furnished, gave the agent no power to receive payment, we must resort to his actual power. When we go there, we must take the whole authority together, and cannot take such part as will sustain the payment, suppressing that which destroys it.

This is a familiar rule that needs no authority. The law implies a knowledge of one part of the actual authority as much as of another, if it implies either. Taking the whole together, it is plain that Murray had no power to receive anything but the interest. This does not infringe upon the rule, that a payee

who has given his agent credit with the payer by employing the agent in obtaining the obligation, and then by allowing him to retain its possession, clothes him with apparent authority to receive the payments of interest and principal according to the tenor of the instrument.

The payee cannot, then, contradict that apparent authority unless he brings a knowledge of it home to the payer. Nor can the agent receive pay otherwise than according to the terms of the obligation.

If the debtor pay before due the principal, the payee is not bound. (Story's Agency, § 98; 2 Pars. on Notes, 214, and cases cited; *Paruthen* v. *Gaitskell*, 13 East., 432; 1 Stark., 185.) Nor does it infringe the rule that an agent who made the loan, having possession of the security and clothed with apparent authority to receive the interest, is authorized also to receive the principal when it falls due.

In the case at bar the agent had the same apparent authority to receive the principal that he had to receive the interest, and no more. He had no apparent authority to receive either.

His actual authority was to receive the interest and take a new note at a year, with Raplee as indorser. This alone was his actual authority. Under that authority the defendant had no more right to pay him the money, the principal, than an agent to collect a note would have authority to receive payment in goods, or in a note at a year. Such an agent can only receive the payment in money according to the tenor of the note, which is payable in money. (Chitty on Bills, 399; Story on Agency, § 98, and cases there cited.)

With a knowledge of Murray's actual authority, defendant knew he could not pay him the principal. If he did, it would be at his peril if Murray failed to pay it over. Plaintiff might have been willing, as she was, to trust Murray to receive another note, with a named indorser, when she would not trust him to receive all the money. The responsibility, the temptation is different.

Defendant might have refused to pay or give a note, but if

he did anything, he must do precisely what Murray was authorized to receive. To say otherwise, is to say that the plaintiff could not give her agent any special authority in the matter, and if she did, the defendant, with full knowledge thereof, might safely disregard it in dealing with the agent. :

The facts as presented come very near to larceny of the note by Murray. It is clear that he obtained its possession with the felonious intent of converting its proceeds, except the interest, to his own use, and he did so. He was guilty of forgery in making the order.

Both parties have been grossly imposed upon. It is a very hard case for the defendant, but I think, under the facts, the law places the loss, caused in fact by this forgery, upon him who was deceived by it. The defendant alone was imposed upon by that. The effect of it is the same as if an indorsee had discounted a note upon a forged indorsement.

The order of the General Term should be reversed, and the judgment and order of the Special Term affirmed.

All concur, except CHURCH, Ch. J., and GROVER, J., who dissent upon the ground that the authority to receive all money for the note was within the power given him to receive payment of the interest in money, and of the principal by another note.

Judgment accordingly.