WILLIAM S. CONRAD and another *vs*. GEORGE LANE.

March 4, 1880

Contract of Infant falsely Stating himself to be of Full Age.—In an action in the nature of *assumpsit*, to recover the value of goods (not necessaries) sold and delivered to an infant, he is not estopped to set up his infancy as a defence, by the fact that, at the time of the sale of the goods, he held himself out to be of age, and that upon the faith of such holding out the goods were sold and delivered.

| 26 | 389 |
|----|-----|
| 39 | 512 |
| 26 | 389 |
| 42 | 376 |
| 26 | 389 |
| 56 | 372 |
| 26 | 389 |
| 65 | 195 |
| 26 | 389 |
| 84 | 20 |

Appeal by defendant from a judgment of the municipal court of Stillwater.

*Williams & Davidson*, for appellant.

*McCluer & Marsh*, for respondents.

BERRY, J.　This is an action in the nature of *assumpsit*, in which the plaintiffs seek to recover the reasonable value of certain merchandise sold and delivered to defendant. It was tried by the municipal court, without a jury. The court finds that, in 1874, plaintiffs sold and delivered to defendant, then an infant, merchandise (not necessaries) of the value of $214.81, upon which there remains unpaid a balance of $131.81; that defendant was then engaged in business in his own name and for his own benefit, holding himself out to be of age, and that, on the faith of such holding out, the goods mentioned were sold and delivered to him. Defendant became of age on January 31, 1877.

As a conclusion of law the court finds that defendant is estopped to set up his infancy as a defence. This is unsound.

The familiar rule which, in general, disables an infant from binding himself by contract, is founded upon the idea that, as a general thing, persons are, by reason of immaturity and inexperience, incompetent and unfit to judge of the nature of a contract, and of the propriety of entering into it, before the age of legal majority; if anything can be said to be the policy of the law, this rule is beyond question a part of the policy of the law respecting infants. To make an exception to the rule in cases in which the infant has, at the time of making an alleged contract, represented himself to be of age, would be a manifest infringement upon this policy of the law—a disregard of the reasons upon which it is founded, and of the purpose which it has in view, viz., to protect the infant from being drawn into contracts which it is not necessary for him to make, and of which he is not capable of judging. In our opinion no such exception should be or is allowed.

This view is in accordance with the great weight of authority. *Merriam* v. *Cunningham,* 11 Cush. 40; *Burley* v. *Russell,* 10 N. H. 184; *Gilson* v. *Spear,* 38 Vt. 311; *Studwell* v. *Shapter,* 54 N. Y. 249; Ewell's Lead. Cas. 219, and note; Benjamin on Sales, 18. The point made as to defendant's failure to disaffirm the contract after reaching majority is disposed of by what is said on the subject of disaffirmance in *Miller* v. *Smith, ante,* p. 248.

Judgment reversed.