WILLIAM B. FOLDS and another *vs.* LOUIS F. ALLARDT, impleaded, etc.

HENRY B. CRAMER *vs.* SAME.

HERBERT E. BUTLER *vs.* SAME.

September 6, 1886.

Infant—Action—Goods Sold to Partnership—Plea of Infancy.—In an action upon contract for goods sold and delivered to a partnership, one member of which is a minor, the plea of infancy may be interposed by him in bar of any claim of personal liability upon the contract.

Same—Estoppel.—An infant is not estopped from setting up such defence by the fact that he has engaged in business as a member of such partnership.

In each case the defendant Allardt appeals from an order of the municipal court of Minneapolis, refusing to open a judgment entered on default.

*Bearnes & Marson,* for appellant.

*Henry M. Farnam,* for respondents in the first case.

*Chas. G. Van Wert,* for respondents in the other cases.

VANDERBURGH, J.   These cases all present substantially the same question.   Judgment was obtained by default against the defendant upon a partnership indebtedness for goods sold to him and one Willard, associated together as partners in business.   He claims to have been an infant when the debt was contracted, and when the judgment was rendered, but does not deny that the partnership incurred the indebtedness, or that the goods were received and are worth the sum claimed.   After judgment a guardian *ad litem* was appointed for him in the several actions, and an application was duly made upon affidavits to set aside the judgment, and for leave to interpose an answer setting up defendant's alleged infancy in bar.   The application was denied by the court, not on the ground that defendant was not shown to be an infant, which fact the court in its decision assumed to be true, but upon the merits of the plea; that is to say, the court

hold that, upon the admitted facts, infancy constitutes no bar to plaintiff's claim.

The action is an attempt to enforce a personal liability against the defendant, upon contract, for the price or value of goods sold to a partnership of which he was one of the members. We know of no reason why he may not, in such cases, interpose a plea of infancy in bar. *Conrad* v. *Lane*, 26 Minn. 389, (4 N. W. Rep. 695.) The goods having been furnished to a partnership of which defendant was known to be a member, the court ruled that he was liable, on the ground, substantially, that by engaging in business as a member of the firm he held himself out as competent to bind himself by contract, and hence is estopped to set up his infancy as a sole defence. The rule is not, however, changed by the fact that he was a member of a partnership. His contracts are voidable, as in other cases. *Mason* v. *Wright*, 13 Met. 306; *Todd* v. *Clapp*, 118 Mass. 495; Schouler, Dom. Rel. §§ 424, 425. In *Kemp* v. *Cook*, 18 Md. 130, 138, (79 Am. Dec. 681,) Lord Mansfield is quoted as having said in *Gibbs* v. *Merrill*, 3 Taunt. 307, "that an infant, by engaging in a partnership with an adult, holds himself out fraudulently to the world;" but we find no such language in the case referred to as applied to the infant partner. In some states the common-law rule is changed by statute, in order to protect persons dealing with infants under circumstances likely to induce the belief that they are over age. *Jaques* v. *Sax*, 39 Iowa, 367.

How far, or in what cases, an infant may or may not be bound by actual fraud, it is not necessary to consider here, since this case clearly falls within the rule laid down in *Conrad* v. *Lane, supra.* It would be a singular innovation upon the common-law rule if, in cases where his appearance and business were such as to induce the belief that he was over age, an infant would in consequence be held bound as though of full age. The hardships which may arise in particular cases must yield to the operation of a general rule, founded in public policy, intended to protect persons in fact under age from the danger of imprudent contracts. 2 Kent, Comm. *241.

The orders are reversed, and costs in this court fixed at $10 in each case.