THE FIRST NATIONAL BANK OF CHICAGO

*v.*

GEORGE D. PEASE *et al.*

*Opinion filed November 1, 1897.*

1. BANKS—*bank is liable for money paid on forged indorsement of check or bill.* A bank paying a bill of exchange or check on a forged indorsement of the payee's name is liable to the owner of the instrument for the funds so wrongfully paid out.

2. SAME—*when bank is liable to drawer of check and not to payee.* A bank paying a check on a forged indorsement of the payee's name is liable to the drawer of the check for the fund so misapplied, where the check has never passed into the control of the payee and he has acquired no interest therein.

3. SAME—*what is not negligence by drawer so as to increase risk which bank assumes.* The fact that the drawer of a check delivers it to a party falsely representing himself as the payee's agent, without investigating the alleged agent's authority, is not such negligence as will relieve the bank from liability for the payment of the check on a forged indorsement of the payee's name by the alleged agent.

*First Nat. Bank of Chicago* v. *Pease*, 68 Ill. App. 562, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

DUPEE, JUDAH, WILLARD & WOLF, for appellant:

Delivery to an agent is delivery to a principal. *Hurd* v. *Merple*, 10 Ill. App. 421; 1 Daniel on Neg. Inst. sec. 63 *a; Gordon* v. *Adams*, 127 Ill. 225; *Williams* v. *Salt*, 65 id. 172; *Thompson* v. *Candor*, 60 id. 244; *Bodley* v. *Higgins*, 73 id. 375.

When a depositor in a bank draws a check thereon and delivers the same to the payee therein or his or her agent, the amount of such check is thereby transferred to the payee and no longer belongs to the depositor, but must be paid to the payee or his or her order, and the bank cannot, after notice of such check, pay the amount thereof to the depositor. *Bank of America* v. *Banking Co.*

114 Ill. 483; *Brown* v. *Leckie*, 43 id. 497; *Union Nat. Bank* v. *Bank*, 80 id. 212.

When a check is paid on a forged indorsement the payee may bring suit on it as though there had been no indorsement or payment, or, if it had not been issued by the drawer, he may recover the amount from the bank. 2 Morse on Banks, (3d ed.) sec. 474; *Van Bibber* v. *Bank*, 14 La. Ann. 481; *Dodge* v. *Bank*, 20 Ohio St. 234.

BURTON & REICHMANN, for appellees:

If a bank pay upon a forged indorsement before there has been a valid delivery, and consequent assignment to the payee, the bank is liable to the drawer; and where there has been a valid delivery, and consequent assignment to the payee, the bank is liable to the payee.   See 3 Randolph on Com. Paper, sec. 1468; Daniel on Neg. Inst. sec. 1663.

Where the indorsement of the payee is shown to be forged, the payment of a check by the bank is in its own wrong, and can never be set up as a defense against the person whose rights it violated or whose funds are misapplied.   If the check at the time was the property of the payee, it is to him that the bank is liable; but if it never passed into his hands and he had no interest in it whatever, they are the funds of the drawer that have been misapplied and which the bank is bound to replace. *United States* v. *Bank*, 13 Mackey, (D. C.) 289; *Talbot* v. *Bank*, 1 Hill, 295; *Morgan* v. *Bank*, 1 Duer, 434; *Bank* v. *Bank*, 91 N. Y. 106.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

The material question in this case is, whether the drawer of a bill or check may recover the amount named therein from a bank on which such bill or check is drawn, where the bank has paid the same on a forged indorsement of the name of the payee.   If the check becomes

the property of the payee by coming to his hands, the liability of the bank would be to such payee for a wrongful payment to another. If the payee named in the check or bill had no interest therein and it never passed into such payee's hands, and the payee's name was indorsed thereon as a forgery, then the drawer has never parted with the funds misapplied by the bank, and it is bound to replace the same. Where a bank pays a bill or check on a forged indorsement it is liable to some one for funds so wrongfully paid out. The liability must be to the drawer or to the payee. If the instrument belongs to the payee, the liability is to him; if it has never been received by the payee and he has no interest therein, then it belongs to the drawer. *Talbot* v. *Bank*, 1 Hill, 295; *Morgan* v. *Bank*, 1 Duer, 434; *Bank of British North America* v. *Merchants' Nat. Bank*, 91 N. Y. 106; *United States* v. *Nat. Bank of the Republic*, 13 Mackey, (D. C.) 289; Morse on Banks and Banking, sec. 474; Daniel on Neg. Inst. sec. 1618; *Dodge* v. *Exchange Bank*, 30 Ohio St. 1; *Roberts* v. *Tucker*, 16 Q. B. 560.

The evidence shows that Willis P. Baker, representing himself to be the agent of Charlotte A. Baker, applied to appellees for a loan of $3500 on real estate security. He took from their place of business a trust deed, notes and coupons, which he brought back purporting to be signed by Charlotte A. Baker, and a certificate of acknowledgment to the trust deed. These he delivered to appellees, receiving two checks, payable to Charlotte A. Baker, for $3424.55. The facts as found by the trial and Appellate Courts are that the payee of the checks never received them, never authorized the transaction and never indorsed them, but her signature thereon was a forgery, and the bank paid them. The drawer in such case would have a right to recover from the bank the amount so wrongfully paid.

The facts as to whether Charlotte A. Baker executed and delivered the notes and the trust deed, and whether Willis P. Baker was an authorized agent to receive the

checks, were settled adversely to appellant by the judgments of the trial and Appellate Courts.

·It is insisted that it was error to allow in evidence a deposition taken on a former suit to which appellant was not a party. It was not read or considered by the court, as shown by this record, and did not affect the issue. It was harmless error.

The judgment of the Appellate Court for the First District is affirmed. *Judgment affirmed.*