### JOHN W. DWIGHT v. WENZEL LENZ.

December 21, 1898.

Nos. 11,356—(138).

**Principal and Agent—Note Payable at Given Place—Authority to Receive Payment.**

The mere fact that a note is made payable at a certain place does not of itself confer any agency upon the owner or occupant of that place to receive payment in behalf of the payee. In order to make such owner

or occupant the payee's agent to receive the money, the paper must be indorsed to or lodged with him for collection.

## Same—Possession of Securities of Principal—Withdrawal of Securities.

A debtor is authorized to infer that a third party, having possession of his note and mortgage at maturity, is, as the creditor's agent, empowered to receive both principal and interest, there being no suspicious circumstances surrounding such possession. But, being founded upon the fact of custody of the securities, such .inference ceases whenever they are withdrawn by the creditor.

## Same—Foreclosure of Mortgage—Finding of Payment not Sustained by Evidence.

*Held*, in the action at bar, brought to foreclose a real-estate mortgage, and on the trial of which the court below found as a fact that payment of the mortgage note had been made by the mortgagor to one W., as the mortgagee's agent duly authorized to receive the amount due, that there was no evidence on which to base such a finding.

Appeal by the plaintiff from a judgment of the district court for Wilkin county in favor of defendant, pursuant to the order of C. L. Brown, J. Reversed.

*McCumber & Bogart,* for appellant.

The naming of a place for the payment of a note does not make the owner of that place an agent to collect the note, or to receipt for the money. No power, authority or duty, is thereby conferred upon such person in reference to the note. 1 Daniel, Neg. Inst. § 326; Hills v. Place, 48 N. Y. 520; 1 Randolph, Com. Paper, § 125. See also Balme v. Wambaugh, 16 Minn. 106 (116); Trull v. Hammond, 71 Minn. 172. No presentment at the place named is necessary to give a right of recovery against the maker. It only relieves him from damages, if he was ready at the time and place named to pay it and there was no one to receive it. Such readiness is equivalent to a tender, and an answer pleading that fact, and a payment of the money then due into court, will be a bar to the recovery of the interest and costs, but not the cause of the action. Hills v. Place, supra; 1 Daniel, Neg. Inst. § 643. Payment of a bill or note should be made to the legal owner, or holder, thereof or some one authorized by him to receive it. 2 Daniel, Neg. Inst. § 1230; Paris v. Moe, 60 Ga. 90.

*W. E. Purcell* and *Gustav Schuler*, for respondent.

The defendant's position here is controlled by the recent decisions of this court in Hare v. Bailey, 73 Minn. 409, and General Convention of C. M. v. Torkelson, 73 Minn. 401. While the weight of authority seems to be that the simple making of a note, payable at the office of an individual not a banker, does not of itself constitute the person, at whose office the note is made payable, the agent of the payee for its collection, yet the courts of two states have held to the contrary. See Lazier v. Horan, 55 Iowa, 75; Bank v. Zorn, 14 So. C. 444.

COLLINS, J

Action to foreclose a real-estate mortgage given to plaintiff to secure defendant's promissory note for $1,000. Defense, payment of the note to one Wood, alleged to have been plaintiff's duly-authorized agent for the purpose of receiving the money.

The plaintiff was a resident of New York, doing more or less business in North Dakota. Wood was a loan agent at Wahpeton, in the last-mentioned state. Defendant was a resident of Minnesota, and employed Wood to negotiate a loan of $1,000 for him. Wood, who had some acquaintance with plaintiff, soon afterwards met and informed him of the opportunity to make this loan, whereupon plaintiff, who had sufficient knowledge of the security offered, drew his check for $1,000 and handed it to Wood, with instructions to make the loan.

The note—due in three years, with three interest coupons attached (all being made payable at Wood's office)—and the mortgage were then executed and delivered by defendant, and left in Wood's possession. The mortgage was duly recorded, and then forwarded, with the note (payment thereof guarantied by Wood) and attached coupons, to plaintiff, in New York. He has retained possession of both note and mortgage all of the time until the commencement of the action.

Soon after the first coupon became due, in 1893, defendant paid the amount thereof to Wood, at his office, and the latter remitted to plaintiff by draft, with a request that the coupon be sent to him. Plaintiff indorsed the coupon to Wood, without recourse,

and the latter delivered it to defendant. The coupons maturing in 1894 and 1895 were paid in the same way by defendant, were. indorsed by plaintiff in the same manner, and in due course of time were delivered into defendant's possession.

When remitting in each of these instances, Wood used a blank form of letter, addressed to plaintiff, and informing him

"Herewith please find report of collections, and draft to cover same,"

in matter of Lenz interest coupon. When making the last remittance, in November, 1895, the principal sum then being due, Wood asked plaintiff,

"Can I extend for Mr. Lenz the loan until June 1, 1896?"

to which plaintiff replied that he disliked to extend.

Nothing more was done until June, when plaintiff wrote to Wood concerning the payment of the past-due note. 'On receipt of this letter, Wood directed plaintiff to send the note and mortgage to the National Bank of Wahpeton for collection, which was done, Wood being notified of the fact.

Defendant paid the amount due on the note to Wood at his office on July 1, 1896; the note, mortgage and satisfaction piece then being at the bank. Wood kept the money, and soon afterwards became insolvent.

The court below found as a fact that the payment was made to Wood, at his office, as plaintiff's agent duly authorized to receive the amount due, and ordered judgment in defendant's favor.

The appeal is from a judgment entered after a "case" was settled, and a motion for a new trial denied.

The only question which we need to consider is whether this particular finding of fact was supported by the evidence. Was there any evidence that Wood was plaintiff's agent duly authorized to receive the money? If there was, the plaintiff must be the loser. But, if not, the loss, severe as it may be, will fall upon the defendant mortgagor.

From the evidence it is obvious that Wood was defendant's agent for the purpose of obtaining the loan, but that he became plaintiff's

75 M.—6

agent for disbursing the amount of the check. When plaintiff placed the check in Wood's hands, with directions to make the loan, taking the note and real-estate mortgage, not then executed, Wood became plaintiff's agent for that special or particular purpose. Had Wood then appropriated the money, it would have been plaintiff's loss, not that of defendant. But this act did not of itself constitute Wood plaintiff's agent for collecting either principal or interest. Nor was Wood authorized to receive the money because the note and coupons were made payable at his office.

The mere fact that a bill or note is made payable at a certain place does not of itself confer any agency upon the owner or occupant of that place to receive payment on behalf of the payee. In order to make such owner or occupant the payee's agent to receive the money, the paper must be indorsed to or lodged with him for collection. 1 Daniel, Neg. Inst. § 326, and cases cited; 1 Randolph, Com. Paper, § 125, and cases cited in note.

But it is urged that for three successive years defendant paid the money due on the interest coupons to Wood, as the coupons matured, and that the latter forwarded it to plaintiff, who returned the coupons for delivery to defendant. An examination of defendant's testimony reveals the fact, however, that, when making these payments of interest, defendant made them to Wood as his own agent, and not as the agent of plaintiff. He testified that when making the payments he knew that Wood did not have the note or coupons, and that the mortgagee resided somewhere in the East; that he also knew that the money paid, as interest or principal, would have to be sent to this person before the note or coupons would be sent to Wood; and that when the mortgagee received the money he would transmit the interest coupons and the note to said Wood. This he seems to have known and understood fully when handing his money to Wood. We are of opinion that, construed as favorably as possible in defendant's behalf, the evidence concludes him upon the claim that Wood acted as plaintiff's agent when receiving the money.

Again, when these coupons were delivered to defendant they were made payable to Wood, without recourse, by plaintiff's special

indorsement. This indicated that plaintiff, at least, did not consider Wood as his agent. But if the fact had been that plaintiff from time to time, as they matured, had forwarded the interest coupons to Wood for collection, instead of keeping them until he received his money, this would not of itself have authorized payment to Wood, as plaintiff's agent, of the principal sum when it became due in the future. Trull v. Hammond, 71 Minn. 172, 73 N. W. 642. And it will be remembered that the principal of the note, with interest accruing subsequent to its maturity, is the only amount herein involved.

Even if Wood had, as plaintiff's agent, held the note, coupons and mortgage for awhile after they were executed and delivered by defendant, and as such agent had received payments of the coupons, defendant would not have been justified in paying the principal sum to Wood after plaintiff had withdrawn the note and mortgage from his possession, although payment was made in ignorance of such withdrawal.

A debtor is authorized to infer that a third party, having possession of his note and mortgage at maturity, is, as the creditor's agent, empowered to receive both principal and interest, there being no suspicious circumstances surrounding such possession. But such inference, being founded upon the fact of custody of the securities, ceases whenever they are withdrawn by the creditor. Williams v. Walker, 2 Sandf. Ch. 325.

It is, of course, a great hardship to require payment of a debt twice; but when the debt is evidenced by a promissory note the debtor may easily protect himself and others against all possibility of loss by demanding that the note be produced when payment is made.

Another circumstance on which counsel for defendant rely is that, in his letters remitting the interest to plaintiff, a blank form being used, Wood reported the remittances as "collections." We see nothing in this point. The form of the letters accompanying the drafts—the use of the word "collections"—would not suggest to the ordinary business man that the writer was acting or assuming to act as the creditor's agent. Nor was it shown that de-

fendant had any knowledge of the phraseology of Wood's letters of transmittal.

Nor does the evidence relating to an extension of the time for payment of the principal tend to establish Wood's agency. If it has any bearing at all on the subject, it is in opposition thereto. When remitting the interest last paid by defendant, Wood asked, "Can I extend * * * the loan until June 1, 1896?" to which plaintiff replied, "I dislike very much to extend." Nothing more occurred in relation to an extension until June, when plaintiff wrote to Wood, referring to the request to extend payment until June 1, which, he says in his letter, "I consented to do;" and then he inquired, "Will you kindly advise me what disposition you wish to make of this matter?"

From this correspondence it appears that Wood was seeking authority from plaintiff to postpone the day of payment; that the latter, after expressing a dislike so to do, did in fact extend the time, by allowing matters to remain as they were, and then, when the period asked for expired, reminded Wood of the fact, and asked what disposition he desired to make of the matter. When we have in mind that Wood had guarantied payment of the note, we can see that what passed by means of these letters suggests that Wood was acting either in behalf of the defendant, who, so far as appears, had no knowledge of the contents of the letters, or in his own behalf, as such guarantor.

Not one of the acts hereinbefore referred to established Wood's agency, nor was such agency shown by combining and considering them all. There was no evidence upon which the finding of fact as to his agency could have been based.

Finally, as to the claim that plaintiff is estopped from asserting that Wood was not his agent for the purpose of receiving payment, there is not a single element of estoppel in the case. The plaintiff was not guilty of any fraud upon defendant, nor did he perform any act or make any declaration or admission which deceived or misled defendant, nor can he be charged with gross neglect or express design that any act, statement or admission on his part should in-

fluence or induce defendant into paying the amount due on the note to said Wood.

The judgment is vacated and set aside, and a new trial ordered.