## WALKER v. STATE TRUST CO.

(Supreme Court, Appellate Division, Second Department.   April 18, 1899.)

1. BANKS AND BANKING—DEPOSIT BY AGENT—PAYMENT.
   Where one deposits another's money in a bank, which issues a certificate payable to the owner, the depositor has no implied authority to withdraw the money; and, if the bank pays it to him, it is liable to the owner, though the depositor writes his name in the signature book as representing the owner.

2. SAME.
   Where one deposits another's money in a bank, retaining the certificate, which is payable to the owner or his assigns, on return thereof, the bank is liable to the payee, if it transfers the deposit to the depositor's credit on return by him of the certificate unindorsed, and subsequently pays the amount to him.

3. SAME—CERTIFICATE OF DEPOSIT—DESCRIPTIO PERSONÆ.
   A certificate of deposit payable to one as special guardian of another is payable to the former personally, those words being merely descriptio personæ.

4. SAME—DEPOSIT BY GUARDIAN—PAYMENT.
   Where a special guardian of an infant deposits the latter's money in a bank which has notice that the owner is an infant, it is chargeable with notice of the order of court requiring the deposit to be made to the infant's credit, and is liable to the latter for payment to the guardian without special order of court.

Appeal from trial term, Kings county.

Action by Lulu E. Walker against the State Trust Company. From a judgment for defendant (53 N. Y. Supp. 849), plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

David B. Simpson, for appellant.
C. W. Bangs, for respondent.

CULLEN, J. In 1890 an application was made by the plaintiff and Daniel H. Semcken, infants, for leave to sell their real estate. On this application, one Martin R. Winchell was appointed special guardian. Such proceedings were had on the application that the guardian was authorized to convey, in the name of the infants, the real estate described in the petition, and directed to deposit one-half of the net amount received by him (being $813.65) with the State Trust Company, to the credit of the plaintiff. On November 15, 1890, Winchell deposited this sum with the defendant, and received the following certificate:

"This certifies that the State Trust Company, New York, has this 15th day of November, 1890, received from Lulu E. Semcken, an infant, the sum of eight hundred thirteen and $65/100$ dollars of current funds, upon which the said company will allow interest at the annual rate of 3 per cent. from this date, and on 5 days' notice will repay the like amount in current funds, with the interest, to the said Lulu E. Semcken, or her assigns, on the return of this certificate, which is assignable only on the books of the company. The right is reserved by the company, upon giving five days' notice, to reduce the rate or discontinue the payment of interest on this certificate, or pay off the principal. Such notice to be served personally, or through the post office, directed to the address named on the books of this company.
"Willis S. Paine, President.
"John Q. Adams, Secretary."

At the same time he wrote in the signature book, "Martin R. Winchell, Special Guardian of Lulu E. Semcken. Address, 68 William street, New York." On May 6, 1891, Winchell returned the certificate to defendant; claiming that it should have been made out to him as special guardian. This claim the defendant assented to, accepted the surrender of the old certificate, and issued a new one to Winchell, in the form asked for. Winchell drew out all the funds represented by this certificate, and appropriated them to his own use. Up to this time the defendant had received no copy of the order of the court under which the money was directed to be deposited. Thereafter the plaintiff brought this suit against the defendant for the amount of the deposit.

The learned trial court based its decision in favor of the defendant upon the ground:

"The deposit, and the delivery of the certificate of deposit, formed a contract, under the terms of which the defendant agreed, and was obliged, to pay back the money to Winchell on demand. Its repayment was therefore pursuant to the terms of the deposit, and could have been enforced by action."

No witness testified as to the actual occurrence between the officers of the defendant and Winchell at the time of the deposit. The

only evidence on this subject is the certificate of deposit itself, and the fact that Winchell wrote in the deposit book his name, in the form already mentioned. Without considering any suggestion that the notice that Winchell was special guardian for an infant put the defendant on inquiry as to the extent of his powers, and treating the case the same as if an adult were interested, we think this finding of the court was without evidence to support it, and erroneous. The certificate, which represents the contract made between the parties (at least, in the absence of evidence of an oral agreement modifying it), shows a deposit to the credit of the plaintiff. The signature book is kept merely for the convenience of the defendant. It was not put in evidence, and there is nothing to show that in it was contained any contract affecting that expressed in the certificate, or that it gave Winchell any authority to draw the money. An agent authorized to deposit in a bank has not implied authority to draw on the account. Morse, Banks, § 314; Honig v. Bank (Cal.) 15 Pac. 58.

Nor is the bank protected by the subsequent surrender by Winchell of the certificate first issued. Mere possession by Winchell of the certificate, unindorsed, without other authority, was insufficient to justify payment to him. Story, Ag. § 98; Doubleday v. Kress, 50 N. Y. 410. To this there is an exception,—that where the same agent makes the loan or investment, and retains the security, the debtor is justified in paying him on the production of the security. But this case does not fall within the last rule, for two reasons: First. "Because the presumption from the possession of the security is not of unlimited authority, but only to receive payment according to its terms." Doubleday v. Kress, 60 Barb. 181; Story, Ag. § 98, note 4. Here the defendant did not pay the certificate according to its terms, but transferred the deposit represented by it to the personal credit of Winchell; for the words "Special Guardian," etc., were merely descriptio personæ. Second. The defendant had notice that the owner of the certificate was an infant, and could not, of her own power, constitute an agent to collect its amount. Any authority to withdraw the deposit must have proceeded either from some appointment as guardian or some order of the court. Had inquiry been made, and Winchell required to produce the order of the court which constituted his authority, that order would have shown that he was directed to make the deposit to the credit of the plaintiff, and was not permitted to draw upon it without the special order of the court.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.