STUMPF v. HALSTEAD LAND & DEVELOPMENT CO.

(Supreme Court, Appellate Term. June 3, 1908.)

1. INFANTS—CONTRACTS—CONSTRUCTION—PARTIES TO CONTRACT—AVOIDANCE.

Plaintiff, a minor, signed a contract with defendant for the purchase of certain lots, he signing it in his mother's name as his guardian, and claimed that various sums of money were paid to defendant on the lots for him by his mother; but the mother was never in fact appointed plaintiff's guardian. Plaintiff claims to have rescinded the contract after coming of age, and sues to recover the amount paid thereon. *Held,* that the contract was not made with plaintiff in legal effect, but with his mother, so as to vest the title to the land in her; the words "guardian," etc., being merely descriptive, and hence plaintiff cannot repudiate the contract and recover the amount paid thereunder, since he was not a party thereto.

2. CONTRACTS—RESCISSION—RESTORATION OF BENEFITS.

He who seeks to rescind a contract must restore what he has received thereunder.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 1186.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by George Stumpf against the Halstead Land & Development Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Lindsay, Kalish & Palmer (William R. Bayes, of counsel), for appellant.

Gustave Frey, for respondent.

GREENBAUM, J.  In his complaint the plaintiff alleges that while he was a minor, and on the 31st day of October, 1906, his mother, Annie Stumpf, "entered into a contract in writing for and in behalf of the plaintiff herein, and as his agent, with the defendant, whereby the said Annie Stumpf, representing herself as the guardian of the plaintiff herein," agreed to purchase of the defendant two certain lots of land for an expressed consideration and to build thereon a certain dwelling house at an agreed price.  He further alleges the payment to his mother, Annie Stumpf, as his agent, of various sums of money, aggregating $535, "which the said Annie Stumpf paid over" to the defendant "in pursuance of the aforesaid contract and on account of the purchase price as therein stated."  Then follow allegations that plaintiff attained his majority on or about September 12, 1907; that he rescinded his said contract and made a demand upon the defendant for the return to him of said sum of $535; and that he stood ready "to tender back to the defendant, and hereby does offer to said defendant, the Halstead Land & Development Company, all the benefits, rights, and privileges, as represented by any contract or contracts in his [the plaintiff's] possession, by reason of the contract as hereinbefore stated."  Judgment was recovered by plaintiff.

The contract mentioned in the complaint as matter of fact was signed by the plaintiff himself, as follows:  "Annie Stumpf, Guardian of George Stumpf."  But there can be no question but that his mother permitted him to sign her name to the contract, for the reason that it appears that at the time fixed for closing title under the contract the plaintiff and his mother were present and represented by counsel, and on that occasion a deed of the premises was duly executed to Annie Stumpf, guardian of George Stumpf, and a bond and mortgage and building contract by her duly signed as guardian to a loaning company called the Halley Land & Improvement Company.  Annie Stumpf had never been appointed guardian of her son.  The legal effect of the transaction was that the written contract was made, not by the plaintiff, but by his mother, described as his guardian; and pursuant thereto defendant vested in her the title to the land which was the subject of the agreement.  The words "Guardian of George Stumpf" were merely descriptive, although between himself and his mother plaintiff was in a position to show that the contract was made for his benefit.

The contract with defendant being with the mother of plaintiff, and not directly with himself, it is difficult to understand how plaintiff can maintain an action against the defendant upon the theory of his repudiation of the contract.  Plaintiff was not the party named in the contract, and there is nothing for him to repudiate.  The defendant doubtless knew that the contract was made in behalf and interest of the plaintiff, and that his money was applied in performance

thereof; but nevertheless the contract was not made with him, but with his mother, and whatever claims and rights she may have thereunder, either for herself or her son, must be enforced through her. The defendant deliberately contracted with one who was capable of making a contract.

He who seeks to rescind a contract must restore what he has received thereunder. It is true plaintiff asserts his willingness to deliver up the "benefits and rights" that he has under the contract, but he does not tender back the title conveyed to his mother, nor a release of the lands from the mortgage lien to which it meanwhile has been subjected, for the obvious reason that the contract was not made with him and because of his inability to restore to the defendant that with which it parted. The effect of a judgment against the defendant would be to compel it to repay the money received under the contract and lose the property which it conveyed thereunder, a manifestly inequitable and unjust result, and contrary to the well-recognized principles applicable in such cases. Rice v. Butler, 160 N. Y. 578, 55 N. E. 275, 47 L. R. A. 303, 73 Ann. St. Rep. 703. The judgment of the lower court cannot be upheld.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GIEGERICH, J., concurs in the result.

GILDERSLEEVE, P. J. (concurring). I concur with Mr. Justice GREENBAUM, in a reversal of this judgment. If we assume that the transactions which are the basis of this action were between the plaintiff and the defendant, and that Annie Stumpf is in no way liable upon any of the instruments signed by her, then and in that event the action brought by the plaintiff is in its nature an equitable one, of which the Municipal Court has no jurisdiction. The defendant conveyed the property purchased under the contract of October 31, 1906, in May, 1907, and purchase-money mortgages were executed covering the premises so purchased. Constructively, then, the plaintiff, if by such deed he became the owner, was in possession of the premises, and was actually so in possession, so far as by any evidence appears in the record. Before an infant can rescind a contract, if he has received any benefit thereunder, he must account for the benefit or return its equivalent. Rice v. Butler, 160 N. Y. 578, 55 N. E. 275, 47 L. R. A. 303, 73 Am. St. Rep. 703. And to determine what benefit, if any, the plaintiff has received by reason of such possession, would necessitate an accounting by him for the use, rents, or profits of the property between the time of the conveyance to him and the time of his arriving at age and repudiation by him of the contract. Although the action is one for money had and received, such an action is in its nature equitable, and the Municipal Court under the circumstances disclosed by the evidence in this case, would, in my opinion, have no jurisdiction.

Adequate relief requires a cancellation of the instruments given to the Halley Land & Improvement Company, the loaning company that advanced the money for improvements on the property.