VITO BARBIERI v. JACOB MESSNER and Others.[1]

November 13, 1908.

Nos. 15,835—(79).

**Evidence—Charge to Jury.**

In an action for the conversion of a stock of goods, it is *held* that the record presents no reversible errors, either in rulings on the admission or exclusion of evidence, in restricting the cross-examination of witnesses called by plaintiff, or in the instructions or refusals to instruct the jury.

**Refusal to Instruct—Estoppel of Infant.**

Though an infant may perhaps be estopped from asserting his minority in a case where by false and fraudulent conduct he induces a person to enter into a contract with him, no such fraudulent conduct is shown by the evidence in this case, and there was no error in the refusal of the court to submit the question to the jury.

Action in the district court for St. Louis county to recover $3,500 actual damages, the value of a stock of goods and other personal property claimed to have been converted by defendants, and $3,000 special damages for loss of expected profits. The case was tried before Ensign, J., and a jury which rendered a verdict in favor of plaintiff for $2,032. From an order denying defendants' motion for judgment notwithstanding the verdict or for a new trial, they appealed. Affirmed.

[1] Reported in 118 N. W. 258.

*Victor L. Power* and *Charles C. Teare,* for appellants.
*H. B. Fryberger* and *Austin Lathers,* for respondent.

BROWN, J.

Action to recover the value of a stock of goods alleged to have been wrongfully taken and converted by defendants. Plaintiff had a verdict, and defendants appealed from an order denying a new trial.

Plaintiff, a minor, had been conducting a grocery and meat market at Stevenson, this state, and was at the time of the transaction here involved indebted to defendants in the sum of $760 for goods purchased from them, dealers at Hibbing, about seven miles from plaintiff's residence and place of business. Defendants were pressing him for payment, and on Saturday, June 22, 1907, gave him until Monday following to square his account, which plaintiff agreed to do. Instead of making settlement as agreed upon, however, plaintiff departed from the state at about the date mentioned and went to the state of Iowa, for the purpose, as he testified, of buying some hay to be shipped to Stevenson.

Plaintiff had in his employ at the time a person named Dominico Mozzitelli, who, defendants contended on the trial, was a copartner, and not a mere clerk. On plaintiff's failure to appear at the store on Monday morning, Mozzitelli assumed that he had absconded from the state and had abandoned his business and all the property connected with it. Defendants claimed at the trial that Mozzitelli so represented the fact to them, and also represented that he (Mozzitelli) was a copartner of plaintiff in the business. The situation was discussed between these parties, and the negotiations, conducted by defendants for the purpose of securing payment of their claim, resulted in the execution by Mozzitelli of a bill of sale to defendants of all the property connected with the store. Defendants then took possession of the property and thereafter converted it to their own use. Plaintiff returned within ten days and, upon learning what had been done in his absence, repudiated the transaction and demanded the return of his property. A return being refused, he brought this action to recover the value of the goods taken.

1. Several assignments of error challenge the correctness of certain rulings of the court in the admission and exclusion of evidence and

in restricting the cross-examination of plaintiff and his alleged partner, Mozzitelli. We have examined the record fully upon this branch of the case and discover no substantial error. The extent to which a party or witness may be cross-examined for the purpose of affecting his credibility rests in the sound discretion of the trial court, and we discover from the record no abuse of discretion in this case.

2. It is urged that plaintiff, though a minor, was, under the circumstances shown in the evidence, estopped from asserting his sole ownership of the property or from calling in question the validity of the sale by Mozzitelli, and that the trial court erred in refusing to submit this feature of the case to the jury. It is insisted in support of this position that the evidence fairly showed that plaintiff had represented to defendants that Mozzitelli was his partner, and that he held him out as such to the public generally, and that this, coupled with the conduct of Mozzitelli at the time in question in also representing himself as plaintiff's partner, and that plaintiff had absconded from the state and abandoned his property, by reason of all of which defendants were induced to purchase and take the property, constituted a fraud upon them from which plaintiff's infancy does not relieve him. It is not claimed that an infant is estopped generally from asserting his infancy when called upon to perform his contracts, but that the circumstances stated in reference to this particular transaction take the case without the general rule that the doctrine of estoppel does not apply to infants.

That an infant is not estopped from asserting his minority has been held repeatedly by this and other courts. Conrad v. Lane, 26 Minn. 389, 4 N. W. 695, 37 Am. 412; Merriam v. Cunningham, 11 Cush. 40; Burley v. Russell, 10 N. H. 184, 34 Am. Dec. 146; 22 Cyc. 610. The circumstances disclosed do not remove the case at bar from the rule stated. The complete answer to defendants' contention is that the evidence wholly fails to connect plaintiff with the alleged fraudulent conduct of Mozzitelli. There is no evidence in the record tending to show that plaintiff induced or caused Mozzitelli to make the representations that he had absconded from the state or abandoned his property; and conceding that an infant might, in a proper case, be estopped from asserting his minority, where his fraudulent conduct induced and brought about the contract, as suggested by counsel (22 Cyc. 611), plaintiff here is not connected with any such fraud.

3. The court charged the jury in effect that, if Mozzitelli was in fact a partner of plaintiff in the business, he had the right to sell the goods to defendants on the terms stated in the bill of sale, and that their verdict should be, if they so found, in defendants' favor. This was probably more favorable to defendants than they were entitled to under the law, for it is doubtful whether one copartner may, without the consent of his associates, sell out the business of the firm, and removes from consideration any question relative to the authority of one partner to so act. The jury found that no partnership in fact existed. It is therefore unnecessary to inquire into the terms of the transaction. Whether defendants took the property under an agreement to pay all of plaintiff's debts, or under some other arrangement, is immaterial, for Mozzitelli, not being a partner, had no right to sell the property for any purpose whatever.

A careful consideration of the other assignments of error discloses no reversible error, and the order appealed from is affirmed.