# JOHN McMAHON v. GERMAN-AMERICAN NATIONAL BANK OF LITTLE FALLS.[1]

## MARY McMAHON v. SAME.

July 1, 1910.

Nos. 16,548, 16,549—(129, 130).

**Certificate of deposit payable to guardian — payment to another — action by guardian.**

A mother of two minor children, through her deceased husband's cousin,. T., deposited $1,000 in bank and took two certificates of deposit, each in one-half of that sum, in the name of her two minor children, respectively,. payable to the order of each, or guardian, on return of the certificates properly indorsed. T. retained the certificates. The bank knew the children were minors, and dealt with T. as their guardian. T. subsequently surrendered the original certificates and obtained new ones. The certificates. were finally issued to the order of the minors, respectively, or their guardian, T. T. cashed the certificates and became bankrupt. He had never been appointed guardian by the probate court, or otherwise. Actions were brought against the bank by the duly appointed guardian of the minors to recover the amount deposited. It is *held:*

1. The evidence showed the gift to the minors to have been completely executed.

2. The bank did not discharge the original obligation by payment to T.

(a) A payee, who has given his agent credit with the payor by employing that agent in obtaining the obligation, and then, by allowing him to retain its possession, has clothed him with apparent authority to receive the payments of interest and principal according to the tenor of the instrument.

(b) Payment of money to a person not authorized to receive it does not discharge the debt.

(c) Apparent authority, attributed to a party to whom is intrusted an instrument to secure the payment of money, permits payment to be made only according to the terms of the instrument.

(d) The original certificates of deposit determined the obligation of the bank.

[1] Reported in 127 N. W. 7.

(e) When a certificate of deposit is made payable to the order of a minor or guardian, and the bank pays a person not named in the certificate, the burden rests on the issuing bank to show that the person to whom it pays the money was a legally appointed guardian.

(f) The payment of such money to a person supposed to be, but who is not in fact, the guardian of the minors, does not estop the minors from subsequently requiring the bank to pay the certificates.

Actions in the district court for Morrison county by the guardian of John McMahon, a minor, and Mary McMahon, a minor, to recover for each $500 deposited with the German American National Bank. The answers alleged that the cause of action did not accrue within six years before its commencement, and that, if any money of the minor or for him was ever deposited with defendant, the same was, long prior to the beginning of this action, duly paid to and upon the order and direction of the person lawfully entitled to receive the same under and pursuant to said deposit and without knowledge of or notice to defendant of plaintiff's alleged ownership or of any rights of his inconsistent with the payment. The replies were general denials. The cases were tried together before Taylor, J., who dismissed them on the merits. From orders denying plaintiffs' motions for a new trial, they appealed. Reversed and new trial granted.

*Harris Richardson & Harold C. Kerr* and *Gilbert & Greenman,* for appellants.

*Archibald H. Vernon,* for respondent.

JAGGARD, J.

Bridget McMahon received $2,000 insurance money on the life of her deceased husband. She instructed one Tomelty, a relative of the deceased, to deposit in the defendant and respondent bank $500 for her minor son, John, and the same sum for her minor daughter, Mary. Tomelty took certificates of deposit in the names of John McMahon and Mary McMahon (minors), respectively payable to the order of each, or guardian, on return of this certificate properly indorsed. New certificates were subsequently issued in the same terms, except that the name of Tomelty was finally added as

guardian. The certificates were in Tomelty's charge from the time of issuance until surrendered, and were never in any other person's hands. The only transactions the bank had in respect to the certificates were with Tomelty. The bank finally paid the money to Tomelty, who subsequently became bankrupt. In point of fact, Tomelty had never been appointed guardian by the probate court.

Actions were brought by the son and daughter, respectively, through their guardian, to recover $500 each from the defendant bank. The actions were tried together. The court found as a fact that the money sought to be recovered in these actions had been duly paid by the defendant to said Tomelty, to whom defendant was authorized to make such payment. The actions were accordingly dismissed on their merits. This appeal was taken from the order of the trial court refusing defendant's motion for a new trial.

1. The first question presented by the record is whether or not the money was an executed gift by the mother to her children. The mother, having insurance money, was asked by Tomelty to give some of it to her minor children. To this she assented. The money she retained she deposited in another bank. She went with Tomelty to deposit this money in the defendant bank, but does not appear to have gone to the deposit window. He made the deposit and received and retained the certificates. The mother parted with all present and future power, control, and dominion over the property. She neither retained the possession of the certificates, nor had them made payable to her order. She delivered the evidences of the deposit, not to the minor children themselves, but to their so-called "guardian." She transferred to him "the present right of property in possession." The "guardian" and bank both accepted the money, not as hers, but as belonging to the children. The acquiescence of the minors is presumed. There was a practical delivery. Tomelty was the mother's agent, in the sense that he was to deposit the money and retain the certificates. Defendant's cashier testified: "Mr. Tomelty brought in this money, and deposited the amount stated in these certificates, and said that he would leave that as their guardian, guardian for these two people." Defendant itself in its brief urges: "Both parties to the transactions evidenced by the certificates of de-

posit understood that guardian meant Tomelty, and acted upon that understanding." The fact of minority appeared upon the face of one of the original certificates. The conclusion necessarily follows that the gift was executed.

2. The question then arises whether the bank discharged its obligation by paying the money to Tomelty on the surrender of the certificates. The learned trial court reasoned: There must be some fact, in addition to the mere possession of the note by the assumed agent, to give validity to such a payment. "That the agent took the security, or negotiated and made the loan for which the security was taken, and was thereafter intrusted by the owner with its possession, is sufficient to render the payment valid. * * * A payee, who has given his agent credit with the payor, by employing the agent in obtaining the obligation, and then by allowing him to retain its possession, clothes him with apparent authority to receive the payments of interest and principal according to the tenor of the instrument. Doubleday v. Kress, 50 N. Y. 410, [10 Am. Rep. 502]; Crane v. Gruenewald, 120 N. Y. 274, 24 N. E. 456, [17 Am. St. 643]; Loizeaux v. Fremder, 123 Wis. 193, 101 N. W. 423; Dwight v. Lenz, 75 Minn. 78, [77 N. W. 546]. See also the numerous so-called Kelley cases, in which payment to the agent was held unauthorized, because the agent was not intrusted with the securities."

Counsel for respondent has called our attention to many other cases to the same effect. Ward v. Smith, 7 Wall. 447, 19 L. Ed. 207, 31 Cyc. 1370; 1 Current Law, 54. There is, moreover, a group of cases much more nearly analogous to the case at bar. Thus in Duckett v. Mechanics, 86 Md. 400, 38 Atl. 983, 39 L. R. A. 84, 63 Am. St. 513, it was held that a check stating it was for deposit to the credit of a person named, without adding the word "trustee" to his name, although it contained a further clause stating that it was the "balance of purchase money due him as trustee," was held not to impress the funds with the trust, so as to prevent a bank in which he deposits the sum from crediting the check to his individual account. The bank was held not to be responsible for the use of trust funds deposited by the trustee unless it knowingly participated

in the breach of a trust or profits by the fraud. And see Sayre v. Weil, 94 Ala. 466, 10 South. 546, 15 L. R. A. 544.

The difficulty in the case at bar is, not whether the principle involved in these cases is correct, for its soundness is not controverted, but whether it applies to the facts here proved. If the original certificates had read as the latter ones did, "Pay to the order of Tomelty, guardian," the word "guardian" might properly have been regarded as mere descriptio personæ and the bank would have been protected in cashing the certificates over Tomelty's indorsement. See Stumpf v. Halstead, 59 Misc. 529, 110 N. Y. Supp. 838. In point of fact, however, the bank, we reiterate, originally agreed to pay the money to the order of the minors "or guardian."

It is elementary that payment must be made to some ont authorized to receive it. Payment to a person having no right to receive the money does not discharge the debt. Lochenmeyer v. Fogarty, 112 Ill. 572. Ostensible authority, attributed to a party to whom is intrusted an instrument to secure the payment of money, permits payment to be received only according to the terms of that instrument. Doubleday v. Kress, 60 Barb. 181. The bank could not pay the money to the minors because of their defect of capacity. It could pay the money only on the order of the guardian. The burden rested upon the bank to find out whether or not Tomelty was in fact the guardian, deriving his authority from the action of a competent court evidenced by a proper record. Walker v. State, 40 App. Div. 55, 57 N. Y. Supp. 525 (which involved a quite similar, but not identical, state of facts); Gentry v. Bearss, 82 Neb. 787, 118 N. W. 1077; Gillespie v. Crawford (Tex. Civ. App.) 42 S. W. 621; Holden v. Curry, 85 Wis. 504, 55 N. W. 965; Sherman v. Wright, 49 N. Y. 227; Holmes v. Field, 12 Ill. 424; Lochenmeyer v. Fogarty, supra. In point of fact, Tomelty had never been appointed guardian, and had no actual authority to receive payment on the certificates.

The fact that subsequently to the original transactions the bank issued different certificates in which Tomelty's name appeared did not alter the legal obligations of the parties. In this particular matter the fact that the beneficiaries of the gift were minors is

significant. The fact serves to differentiate many cases to which we are referred, because the minors could not be estopped by the subsequent dealings of the parties with the original certificates. Holden v. Curry, supra; Sherman v. Wright, supra; Conrad v. Lane, 26 Minn. 389, 4 N. W. 695, 37 Am. Rep. 412; Folds v. Allardt, 35 Minn. 488, 29 N. W. 201; Barbieri v. Messner, 106 Minn. 102, 118 N. W. 258; 22 Cyc. 610; 22 Current Law, 148. The conclusion follows that the bank paid out its own money to Tomelty, and not the money of the minors (cf. Armstrong v. National, 46 Oh. St. 512, 22 N. E. 866, 6 L. R. A. 625, 15 Am. St. 655; German v. Citizens, 101 Iowa, 530, 70 N. W. 769, 63 Am. St. 399; First National v. Pease, 168 Ill. 40, 48 N. E. 160; Harter v. Mechanics, 63 N. J. L. 578, 44 Atl. 715, 76 Am. St. 224), and that plaintiffs were entitled to recover.

Reversed, and a new trial granted.